## SALTER *a.* WEINER.

*Supreme Court, First District; At Chambers, April,* 1858.

### DEPOSIT OF MONEY IN LIEU OF BAIL.

The defendant, having been arrested and held to bail in the sum of five hundred dollars, deposited that amount with the sheriff, and afterwards, having given bail, obtained an order that the deposit be repaid to him. Before the deposit had been repaid, the plaintiff commenced a second action against the same defendant, and issued a warrant of attachment, which he levied upon the deposit. A third party, upon affidavits stating that the money was his money, not that of the defendant, and advanced by him for the deposit until bail could be found, applied, by the defendant's attorney, for an order that the money be paid over to the defendant's attorney for him.

*Held,* That the money, by being deposited, became the property of the defendant and was liable to the attachment, and that the application must be denied.

Application for an order for the repayment of a deposit made in lieu of bail.

There were two actions brought by Salter against Weiner. In the first action, the defendant was arrested by the sheriff of Niagara, under an order of arrest granted by Mr. Justice Clerke, requiring the sheriff to take bail in five hundred dollars. The defendant could not find bail, and, instead thereof, deposited five hundred dollars in gold with the sheriff, who remitted the same to the county clerk of New York, the action being triable there. Subsequently the defendant obtained bail, who justified. The judge who made the order for allowance of the bail, ordered the five hundred dollars to be refunded to the *defendant,* in compliance with section 199 of the Code. Before the bail justified, the plaintiff obtained, in the second action, a warrant of attachment from the county judge of Niagara county, and caused the same to be served upon the county clerk of New York, with a notice that it was intended to attach the five hundred dollars. This was a motion that this five hundred dollars be paid to the defendant's attorney, for one Emanuel Meyer. The affidavit, upon which the motion was founded, set forth that the money deposited was the money of Emanuel Meyer, and not the defendant; and was deposited with the sheriff by Meyer in order to keep Weiner out of jail, and upon his promise to refund the money to Meyer, when bail should be put in.

*Anthony R. Dyett,* for the motion.

*Wm. Henry Forman,* opposed.

Clerke, J. (orally).—Even if this money was Meyer's at the time of being deposited with the sheriff, by such deposit it became the money of Weiner. It is loaned money, and loaned money is the property of the loanee. The motion is denied, with $5 costs.