Van Vorst, J.
I am satisfied that this motion cannot be granted. Section 199 of the Code provides that if money be deposited, as provided in the last two sections, 197 and 198, bail may be given and justified upon motion, as prescribed in section 193, any time before judgment, and thereupon the judge before whom the justification is had shall direct in the order of allowance that the money deposited be refunded by the sheriff to the defendant. No application for the refunding of the money can be made until bail has actually justified, and upon notice of not less than five nor more than ten days.
It does not appear that any notice of justification has been served on the other side, or that the bail has justified. The right to substitute an undertaking with sureties in the place of the money deposited, does not depend upon the favor of the court. It is given by the express provisions of the Code. The party should give bail to the sheriff just as he would, in the first instance, if no deposit had been made. The plaintiff should have an opportunity to except to the sureties, and he has ten days in which to do this after receiving from the sheriff a copy of the undertaking. After the justification of the sureties the application for the deposit may be made.
In addition to this there is no provision of law authorizing the money to be paid to any person other than the defendant *391 himself. The application in this case is that the money be refunded, not to defendant, but to J. N. Aaronson, who it is claimed deposited the same with the sheriff to procure the defendant’s discharge from arrest. This the court is not authorized to do. There is a per curiam decision in Nunn v. Powell (1 Smith, 13), seemingly to the contrary. But this was in a contest between the depositor—a third party, and the defendant, after special bail had been perfected; there being no other claimants. In Edelsten v. Adams (2 Moore, 610), it was held that the money should be refunded to the defendant. In this latter case the money had been deposited by a friend of the defendant, and was claimed by the assignees of the defendant, who had become bankrupt. Bubboughs, Justice, said: “ The sum in question must be considered in custodia legis, and the court by statute is empowered to refund it to the defendant alone.” These cases arose under the statute 43 Geo. III, ch. 46, which contains provisions on the subject, in many respects similar to the sections of the Code under consideration.
In Salter v. Weiner (6 Abb. Pr. R., 191), it was held that the money by being deposited became the property of the defendant. There is good reason for such opinion, as the money is substituted for the person of the defendant who is under arrest. It is practically so, at least, until bail is put in and justified ; and it may be taken and applied to the satisfaction of the judgment against defendant when entered. (§ 200.) In the event that there were no conflicting claims made to the money by the defendant, or others, the court could doubtless at a proper time make an order to pay the deposit to a third party who had advanced it for the benefit of the defendant on his arrest. (Douglas v. Stanbrough, 3 Ad. & E., 316; Buell v. Turner, 1 Mees. & W., 47.)
The ■ case before me does not shew a state of facts, which would at present authorize the refunding of the money to any person.
The other objections raised by plaintiff that the motion is too late, on the ground that judgment has been already ordered in the action for the plaintiff’s claim, although the record is not yet actually filed, and that, the moneys have been *392 attached as the defendant’s property, are not necessary to be considered, in the view that I have taken of this question.
Motion denied.
January, 1868. Motion that the clerk be directed to satisfy the judgment in the action, out of the deposit in his hands.
The defendant did not give bail in the ^action; and on December 26, 1867, judgment was entered against him for $1,769 14. The plaintiff now applied for an order directing this judgment to be satisfied out of the deposit in the hands of the clerk. The defendant opposed the motion' on the ground that the original deposit was in lieu of bail, and that he was then ready and willing to surrender himself on any execution which might be issued against his person. Joseph N. Aaronson also made an affidavit to the effect that the $2,500 was the property of Aaronson Brothers, and that the defendant had no interest, direct or indirect, either in that firm or in those moneys.
A. Blumensteil, for the motion.
F. Smyth and John McKeon, opposed.
Barrett, J.
The language of section 200 of the Code of Procedure is plain and unambiguous; it expressly directs that if tne money previously deposited instead of bail, remain on deposit at the time of the judgment, it shall be applied in satisfaction thereof. There is no provision for such an application after the return “ not found ” of an execution against the person. The intention plainly was to treat the money deposit d instead of bail, so far as the plaintiff and his rights are concerned, as the property of the defendant. Section 197 only authorizes such a d eposit by a defendant, not by a third person. Where, therefore, the deposit is made by a friend on behalf of the defendant, it must be treated for all the purposes of the action in which it is made as an act performed by the *393 defendant himself under section 197, and the third person thereby, and notwithstanding any private agreement which he may have made with the sheriff, subjects the deposit to the operation of all the sections of the Code in respect to arrest and bail. If the sheriff violate his agreement, that is between him and the depositor; the plaintiff, upon the receipt of the certificate of deposit, has a right to rely upon it as the evidence of an exercise of the option conferred upon the defendant by section 197.
The money thus deposited does not stand in the place of a bail bond. The act of making the deposit is a something which the defendant is permitted to do “instead of giving bail.” Treating the deposit as the defendant’s property (and with reference to the plaintiff, it must, as we have seen, be so treated), it cannot be presumed that the legislature intended to compel the creditor, after judgment, to pass the money by, and accept instead the debtor’s personal surrender, thus, in fact, releasing the money and enabling the debtor to reduce it to his immediate possession. It is more natural to assume that no qualification was intended of the plain language of section 200, whereby the money is forthwith subjected to the payment of the judgment.
Reference was made to the English statute (43 Geo. III., ch. 46, § 2), and to some cases under it as favoring the defendant’s position, but I think they tend the other way. The deposit, under that act, was merely to secure the putting in of special bail, yet if such bail were not put and perfected within the eight days required by the capias, or such further time as might be granted by the Court, the plaintiff was, on motion, entitled to have the deposit paid directly over to him. This act was amended by 7 and 8 Geo. IV., ch. 71, of which ours is almost a counterpart. The amendment permits the defendant to deposit the money without putting in special bail, or even, after special bail has been put in and perfected, to make the deposit and take an exonereiur of the bail. It further provides that if the plaintiff recover judgment he shall be entitled by order, on motion, to receive the money so deposited or paid in court, or enough to satisfy the judgment. There is also the same provision as in our Code, for the defendant’s withdrawal *394 of the money at any time before judgment upon putting in and perfecting bail. The cases under these acts are somewhat conflicting as to whether the money deposited by a third person will, when released by a judgment in favor of the defendant, be repaid, upon motion, to the third person direct, or to the defendant.
In Nunn v. Powell (1 Smith, 13), it was held that it should be repaid to the person who actually deposited it, and to whom it, in fact, belonged.
The contrary rule was laid down in Edelsten v. Adams, (8 Taunt., 555), the Court declining to pass upon the rights or equities of outside claimants, and holding that it was bound by the express provision of the statute to order a return of the money to the defendant.
In Douglas v. Stanbrough (3 Ad. & E., 16), the third person’s application was granted, but upon the ground that as the defendant was represented upon the motion, and did not oppose^ it was to be treated as his own application.
These cases may tend to throw some doubt upon the third person’s right to the money even as against the defendant, and may perhaps afford an argument in support of the ruling in Salter v. Weiner (6 Abb. Pr., 191), that the deposit by a third person amounts to a loan of the money to the defendant. It is not necessary to pass upon that question at present, and these cases are mainly useful as strengthening the position that the plaintiff has a right to subject the money to the immediate payment of his judgment, without distinction respecting the maker of the deposit.
I have discovered one case, however, which seems to be directly in point. (Bull v. Turner, 1 Tyrw. & G., 367.) There, on the defendant’s arrest, a Mrs. Lake refused to become spechl bail, but paid £68 10s. into court. The plaintiff hav- ’ - g obtained judgment, procured a rule nisi why this sum muid not be taken out by him in discharge of debts and costs. The defendant had rendered himself to prison, yet the court r ms.de the rule absolute, Parke, B., remarking : “ She (Mrs. Lrke) can only have the money back on the same terms as he could have done.”
The only distinction between the English act and our Code *395 is that under the former the deposit is made in express terms to abide the event of the action, while under the latter such is the fair import of the provision for its payment to the plaintiff upon the recovery of judgment.
Motion granted.