By the Court.—Brady, J.
On the arrest of defendant, his son deposited two thousand five hundred dollars with the deputy sheriff who made the arrest, and took from him a receipt, from which, it appears that it was taken in lieu of bail for the appearance of the defendant, and that it was to be returned on his surrender. The deposit was made under section 197 of the Code, which provides that the defendant may at the time of his arrest, instead, of giving bail, deposit with the sheriff the amount mentioned in the order. By section 198 the sheriff shall, within four days after the deposit, pay it into court, and shall take from the officer receiving the same two certificates of such payment, one of which he shall deliver to the plaintiff, and the other to the defendant. Section 199 provides that if the money be deposited as provided in these sections, bail may be given and justified upon notice as prescribed by section 193, “ any time before judgment,” and thereupon, the justification having taken place, the judge before whom it is had shall direct-, in the order of allowance, that the money deposited be refunded to the defendant.
No special bail was made in this case, and no surrender made by the defendant, although he alleges that he has been ready and willing to surrender himself on any execution that may be issued against his person.
The plaintiff obtained judgment on December 26,' 1867, and then obtained an order, under section 200 of the Code, to show cause why the sum so deposited should not be applied to the payment of the "judgment, *157 or so much of it as was necessary for that purpose. The defendant’s son objects to the application, and resists the motion, with the assent of his father.
Section'200, referred to, provides that where money shall have been deposited, if it remain on deposit at the time of an order or judgment for the payment of the money to the plaintiff, the clerk shall, under the direction of the court, apply the same in satisfaction thereof, and after satisfying the judgment shall refund the surplus, if any, to the defendant. If the judgment be in favor of the defendant, the clerk shall refund to him the whole sum deposited and remaining unapplied.
Assuming that the son of the defendant was the owner of the money deposited by him, the question which suggests itself is, whether, under these sections, the court has power to order it to be refunded to him after judgment has been obtained, although special bail has not been put in, and the defendant is at large.
I think no such power is conferred, and that by the letter and spirit of the Code the failure to put in special bail, or to render the defendant before judgment, makes the fund subject to immediate application to the payment of the judgment. The only cases in which these provisions have been at all under consideration, which I have been able to find, are Herman v. Aaronson (3 Abb. Pr. N. S., 389, this case), in which the application was made by the depositor prior to the justification of bail, and, of course, denied; and the case of Salter v. Weiner (6 Abb. Pr., 191). But neither of these cases furnished precedent nor interpretation for the question under consideration, inasmuch as the application was, as we have seen, premature in the former case, and the defendant put in special bail in the latter case, who duly justified, and the judge ordered, as provided by section 199, that the money should be refunded to the defendant. It also appears in that case, however, that before the bail justified, an attachment was issued against the defendant, whereupon a third person *158 claimed the fund as a depositor on behalf of the defendant, and Justice Clerke held, that, assuming the money to have, been his when it was deposited, it became the money of the defendant the moment the sheriff received it.
The order made was reversed by the general' term on appeal, but for what reasons I have not been" able to learn ; no opinion being given, as I am advised. The conclusion to be drawn from the reversal is, that the money is not to be deemed that of the defendant when bail is perfected, and that the construction placed upon the statute 43 Geo. III., c. 46, § 2, by the" English courts is adopted. The cases which relate to that statute, and to the subsequent statute of 7 & 8 Geo.IV., c. 71, seem to establish the rule that if money be deposited by a third person as bail for the defendant, and special bail be perfected or the defendant surrendered, an application by him for the money so deposited before judgment, would be granted if the defendant assented (Nunn v. Powell, 1 J. P. Smith, 13; Edelsten v. Adams, 2 J. B. Moore, 610; S. C., 8 Taunt., 557; Bull v. Turner, 1 Tyr. & G., 367; Douglas v. Stanbrough, 3 Ad. & E., 316; 1 Tidd Pr., 9 ed., 228, 4 Am. ed., 227).
The surrender was regarded as equivalent to putting in special bail, inasmuch as the object was to secure the appearance of the defendant, although neither the statute of 43 Geo. III. nor 7 and 8 Geo. IV., c. 71, provided that it could not be so regarded in reference to money deposited under its provisions.
The former act and the provisions of the Code are similar in many respects.' They both provide for the deposit in lieu or instead of bail, for the payment of the money into court, and that if bail shall be duly perfected, the money deposited shall be refunded to the defendant by order- of the court. They differ as to the provisions under which the money is to be paid to the plaintiff. By the Code the act by which the fund may be restored either to the defendant or the depositor, is *159 to be performed before judgment. By .section 199 the special bail must be given before judgment, and by section 200 if the money remain on deposit at the time of the judgment, the clerk shall, under the direction of the court, apply it to the satisfaction thereof.
The statute of Geo. III. provides that if bail be not perfected the money deposited shall, by order of the court, on a motion to be made for that purpose, be paid out to the plaintiff; and the act of 7 and 8 Geo. IV. provides that the defendant making the deposit may, at any time in the progress of the cause, on issue joined, or final judgment signed, receive the same by order of the court, upon putting in and perfecting bail, and payment of such costs to the plaintiff as the court shall direct. This section, and section 199 of the Code, are to the same effect, both providing for the restoration of the money, if bail be put in before judgment.
Section 200 of the Code,' as we have already seen, declares that if the money remain on deposit at the time of an order or judgment for the payment of the money, the clerk shall, under the direction of the court, apply the same, thus confirming the intention that the money must be withdrawn before judgment, or the act done by which the defendant could obtain it, and thus also making it questionable whether any notice of such application is necessary. It is questionable, because, the money being deposited in lieu of bail, the presumption is that it belongs to the defendant, and, having direct relation to the result of the action, should be employed in paying the recovery had. In the case of Bull v. Turner {supra) the application for the money deposited was made after the judgment by the plaintiff, although the defendant ■ had surrendered himself. The court granted it, and Paeke, B., said: “It is perfectly clear that the party has paid this sum into court, instead of the defendant, and, if so, hé can only have it back upon the same terms as he could have done by which I understand the court to have held that after judgment the *160 fund could not be given to the depositor. It is perfectly clear that under the express provisions of the Code the money can only be refunded to the defendant when the special bail is put in before judgment, although by a liberal construction it may be paid out to the person who makes the deposit within the same limit. If the judgment be perfected, however, then the money is to be treated as the defendant’s. The construction favoring the depositor ceases, and he must lose his funds for two reasons.
First. It is the presumption that the money belongs to the defendant, and
Second. ' There is no power after judgment to restore it to him.
. If he wishes to have it refunded, he must see to it that special bail be put in or the defendant surrendered before judgment; and if neither act be done, the money must be regarded as in “ custodia legis ” for the benefit of the plaintiff.
There are reasons for this construction of the provisions of the Code.
The plaintiff is bound to exhaust his process against the property of the defendant before he can resort to process against the person ; and it would be absurd to resort to either with money in court to the credit of the action. The legislature, appreciating this, provided, as already shown, that, upon judgment being rendered, the money should be-paid to the judgment creditor, in the absence of any conflicting claim existing at that time, and the clerk of the court is substituted for the sheriff and process under which he might act.
The depositor, if recognized at all, is only regarded by a liberal construction of the statute, which in express language allows only the defendant to make the deposit, and treats him throughout as its owner.
The order at special term should be affirmed.