THE COMMERCIAL WAREHOUSE COMPANY OF NEW YORK, Appellant, *v.* JOHN S. GRABER, Respondent.

Where a third person, under the 197th section of the Code, deposits money with the sheriff, in order that the defendant may be released from arrest, if the plaintiff obtains judgment before bail have justified, he becomes absolutely entitled to an application of the money to the satisfaction of his judgment. But the claim of a plaintiff, thus seeking to have the property of a third person applied to the satisfaction of the defendant's debt, is

*strictissimi juris.* It should be clearly established by proof, and no intend-
ments will be indulged in its favor.

Accordingly, where, after bail have been accepted by the deputy sheriff,
and, at the request of the deputy, a third person deposits in his hands
a sum of money as security to such deputy that the sureties will justify
or the defendant surrender himself.—*Held*, that the plaintiff could not
have money so deposited applied to his judgment. (Peckham and
Andrews, JJ., *contra.*)

(Argued April 11th; decided April 25th, 1871.)

Appeal from an order of the General Term of the Superior
Court of the city of New York, affirming an order at Special
Term (Spencer, J.), denying a motion made by the plaintiff,
that the sheriff pay into court $1,500, received by him on the
arrest of the defendant.

The facts are sufficiently stated in the opinion.

*Francis H. Dykers*, for the appellant. In this case, the
$1,500 taken by the sheriff was a security recognized by law
as one which the sheriff might take, and was taken, in the
manner provided by law, and was not void. (*Acker* v. *Bur-
rall*, 21 Wend., 607; *S. C.*, 23 id., 607.) The fact that the
deposit was made by a third person is the same as if it were
made by the defendant. (*Hermann* v. *Aaronson*, 3 Abb.,
N. S., 389; *S. C.*, 8 id., 155.) It was deposited for the defend-
ant; and, on the strength of such deposit, he was set at lib-
erty. (*Salter* v. *Weiner*, 6 Abb., 191.)

*A. J. Vanderpoel*, for the respondent.

Rapallo, J. The 197th section of the Code provides that
the defendant may, at the time of his arrest, instead of giv-
ing bail, deposit with the sheriff the amount mentioned in
the order; that the sheriff shall thereupon give the defendant
a certificate of the deposit, and the defendant shall be discharged
from custody. By section 198 the sheriff is required to pay
into court moneys so deposited. At any time before judg-
ment, the defendant may obtain a return of the money by
giving bail and causing them to justify. But if the money

remains on deposit at the time of the entry of judgment, the plaintiff is entitled to have it applied to the satisfaction of the judgment.

It has been held, under a similar statute in England, that a surrender of the defendant, after judgment, will not relieve money thus deposited, even though it be the money of a third party; and that if the plaintiff obtains judgment before bail have justified, he becomes absolutely entitled to an application of the money. (*Bull* v. *Turner*, 1 Tyrr. & Gra., 367); and to the same effect is the case of *Herman* v. *Aaronson* (3 Abb. N. S., 392), and *S. C.* (8 Abb. N. S., 155).

Where the money deposited in fact belongs to the defendant, there is no injustice or hardship in thus laying hold of it; but where it is deposited by a third party, in lieu of giving a bond, it is more harsh in its operation than the rules ordinarily applied to bail. It is the policy of the law to favor bail, and they are generally permitted, after judgment against their principal, and even after suit brought against themselves, to surrender their principal in their own exoneration. This case seems to be an exception to the general rule, and the statute, as hitherto construed, affords no similar relief to the surety who pledges his property instead of his name, to obtain the release of his principal from arrest. The claim of a plaintiff, thus seeking to have the property of a third party applied to the satisfaction of the defendant's debt, is *strictissimi juris*. It should be clearly established by proof, and there is no just reason for indulging in any intendments in its favor.

In the present case the plaintiff has obtained all the legitimate advantages of the arrest as a provisional remedy. The defendant has been surrendered, and has given bail for the limits. Still, if the plaintiff has, by strict law, become entitled to appropriate the money of Alexander, his right must be enforced.

The question presented by the papers on this appeal, and upon the determination of which the plaintiff's right to the order moved for depends, is whether the money in ques-

tion was in fact deposited in lieu of bail, pursuant to the 197th section.

The affidavit upon which the motion was founded states that when the defendant was arrested, he offered to the sheriff a bail bond, which the sheriff refused to accept, and that thereupon the sum of $1,500 was deposited with the sheriff by the defendant, or some one in his behalf, through Magnus Alexander.

This statement is flatly contradicted by Alexander, and the deputy sheriff who made the arrest. Alexander deposes, that the defendant was a workman in his employment ; that the deponent and another person became bail and the sheriff accepted the bail; that afterward deponent was requested to appear and justify ; that he lent no money to the defendant to deposit as bail, and did not deposit any money for bail, but at the request of the deputy sheriff placed $1,500 in his hands as security to him, that the sureties would justify, or the defendant surrender himself. It being expressly explained to him that the money was in no jeopardy, if the sureties justified, or the defendant delivered himself up.

Bancker, the deputy sheriff, deposes, that he never declined to accept the bail bond executed on the arrest ; that, on the contrary, he did accept it, and upon accepting it, released the defendant from custody. He expressly states that the $1,500 was not intended as a deposit in lieu of bail; that he had already taken bail, and that the money was taken by him to protect himself against liability to the sheriff in case of the failure of the bail to justify. He further states, that a copy of the undertaking was served on the plaintiff's attorney, and afterward notice of justification was given ; that one of the bail justified, and as to the other the justification was adjourned to the 27th of January, at which time the plaintiff's attorney refused to proceed with the justification, having, as he claimed, entered judgment in the action. On the same day the defendant was surrendered.

Alexander states in his affidavit, that after he had justified, the examination, as to the other bail, was adjourned at the

request of the plaintiff's attorney; and at the adjourned day, the latter objected to proceeding, on the ground that he had, since the last adjournment, entered judgment against the defendant. This statement is uncontradicted.

It must be assumed that in denying the motion at Special Term, the judge adopted the statements of fact contained in the opposing affidavits. His decision was affirmed at the General Term, and decisions upon questions of fact are not usually reviewed in this court. If the facts stated in the opposing affidavits are sufficient to warrant a denial of the motion, the order should be affirmed.

The deputy sheriff states distinctly, that he accepted the bail, and on accepting it, discharged the defendant from custody; that this was done before the money was deposited appears from his statement, that when he received the money he had already taken bail. He clearly had no right to take the money after taking bail. The 197th section only allows the taking of the deposit, instead of bail. Bail may be put in after the deposit, to procure the release of the money, but there is no authority for taking money after bail has been received, and in addition thereto. However extraordinary the proceedings of the officer may appear, we will not, for that reason, and in the face of the positive statements in the opposing affidavits, disturb the decision of the court below upon the facts, and speculate as to probabilities. That an officer should exact a security to which he was not entitled, and that a party should submit to the exaction, are not beyond the range of possibility. Here, the officer and party both testify to the fact, and they are corroborated by the circumstances, that the money did not take the course usual with deposits in lieu of bail; that the deposit was not reported to the sheriff's office, and that it does not appear that any certificate of deposit was given as required by the Code.

The denial of the motion should be sustained, on the ground that there was evidence that the money was not deposited under section 197, and that the court below must be deemed to have so found.

Chief Judge, and GROVER and FOLGER, JJ., concur; PECK-HAM and ANDREWS, JJ., dissent; ALLEN, J., does not vote. Order affirmed with costs.