ALEXANDER FRASER, Respondent, *against* CHARLES E. WARD, Defendant, and EDWARD P. WILDER, Defendant's Attorney, Appellants.

(Decided February 1st, 1886).

Defendant in an action for money loaned having recovered judgment against plaintiff, on the ground that the action was prematurely brought, a second action for the same cause was brought in the same court by plaintiff, in which he, being a non-resident, was required to file security for costs; and his attorneys thereupon deposited a sum of money, their own property, as such security with the clerk of the court. Subsequently, in proceedings supplementary to execution upon the judgment for costs in the first action, the attorney for defendant in both actions obtained an order directing the clerk to pay over the sum so deposited to him " on account of the judgment recovered against the plaintiff in this action," under which the clerk paid him the money so deposited. *Held*, that the title to the money deposited remained in the depositors, subject only to the contingency for which it was deposited; that, plaintiff having recovered judgment in the second action, they were entitled to its return to the court from which it was taken, and that the court had the power to vacate the order directing the money to be paid to defendant's attorney, and had power to order defendant's attorney to restore the money to the clerk, it not appearing that he had paid it or any part of it over to his client.

APPEAL from an order of the General Term of the City Court of New York affirming an order of that court directing the repayment by defendant's attorney of a sum of money paid to him by the clerk under a previous order of the court.

The facts are stated in the opinion.

*Edward P. Wilder*, for appellant Ward, and appellant in person.

*Flanders & Tuttle*, for respondent.

BOOKSTAVER, J.—The plaintiff commenced this action in the City Court to recover $800 for money loaned. The de-

Fraser *v.* Ward.

fendant resisted on the ground that the action was prematurely brought, the loan not being due, and in this contention was successful, recovering judgment against the plaintiff for $270.64 costs.

Subsequently, and when the loan became due, a second action for the same cause was commenced by the plaintiff in the same court. Plaintiff being a non-resident of the city, the defendant obtained an order in the usual form, requiring him to file security for costs. In compliance with this order plaintiff's attorneys in the second action, without consultation with their client, on April 8th, 1885, deposited with the clerk of the City Court $250 of their own money, as such security, and took a receipt therefor, showing that the money had been deposited by plaintiff's attorneys in that action.

On the 10th or 11th of April, 1885, the defendant by his attorney in both actions obtained an order based on the judgment for costs in this action for the examination of the clerk of the City Court concerning the property of the plaintiff said to be in his possession; and on the 13th of April, after an examination of the clerk, obtained an order directing him to pay over the $250 deposited as security for costs in the second action to the defendant's attorney in both actions, " on account of the judgment recovered against the plaintiff in this action." Under this order the clerk paid the money so deposited to defendant's attorney.

On the 8th of May, 1885, the plaintiff obtained a verdict in his favor in the second action for $896.

On the 23d of May, the City Court at Special Term, after fully hearing the parties interested, found that the money deposited with the clerk of the court " was the property of Tuttle and Goodell, the attorneys for the plaintiff in the second action, and that it was deposited subject to any claim that might arise against the plaintiff for costs in that action, and not otherwise; " and thereupon vacated the order of April 13th, and ordered the defendant's attorney to " restore and pay over to the clerk of this (the City) Court, said sum of $250 to the end that such application

may be made in respect thereto, as the parties interested therein may be advised."

From this order the defendant and his attorney appealed to the General Term of the City Court, where the order was affirmed; and from such affirmance defendant's attorney now appeals to this court.

The principal question to be determined on this appeal is, whether, when money is deposited by another for a non-resident plaintiff, as security for costs, it is to be regarded as plaintiff's money for all purposes; or whether it is deposited merely as security, the title to it still remaining in the depositor, and subject only to the contingency for which it was deposited.

The appellant contends that such a deposit must be deemed the plaintiff's property for all purposes, and cites *Salter* v. *Weiner* (6 Abb. Pr. 191); *Herman* v. *Aaronson* (8 Abb. Pr. N. S. 155); and *Commercial Warehouse Co.* v. *Graber* (45 N. Y. 393), in support of his contention. It will be observed that all of these cases are adjudications upon deposits in lieu of bail. The argument in the two cases last cited, was based upon the provisions of § 200 of the Code of Procedure, being § 585 of the Code of Civil Procedure. The section, as far as relates to the matter in hand, is as follows: "If money deposited is not refunded, as prescribed in the last section, it is, in a case where the order of arrest could be granted only by the court, subject to the direction of the court, as justice requires, before and after the judgment. In any other case, if it remains on deposit when final judgment is rendered for the plaintiff, it must be applied, under direction of the court, in satisfaction of the judgment, and the surplus, if any, must be refunded to the defendant or his representative."

By force of the section the money so deposited in lieu of bail, if not refunded as prescribed in the Code, becomes subject to the direction of the court, as justice requires, in one case, or to be applied in satisfaction of the judgment, in the other, no matter in whom the legal title may be. And if the real owner of the deposit is a third person, he cannot

be heard to complain if it is so applied, for he deposited it subject to such a contingency. No case has been cited, except *Salter* v. *Weiner*, which holds that the mere deposit of the money makes it the property of the defendant, or regards it as a loan to him; and this case was reversed at General Term.

In the *Commercial Warehouse Co.* v. *Graber* (45 N. Y. 393), the court, speaking of money deposited in lieu of bail, and remaining on deposit after judgment, says: " When the money deposited in fact belongs to the defendant, there is no injustice or hardship in thus laying hold of it; but when it is deposited by a third party, in lieu of giving a bond, it is more harsh in its operation than the rules ordinarily applied to bail. It is the policy of the law to favor bail; and they are generally permitted, after judgment against their principal, and even after suit brought against themselves, to surrender their principal in their own exoneration. . . . . Still, if the plaintiff has, by strict law, become entitled to appropriate the money of Alexander (the party depositing it), his right must be enforced; " clearly recognizing the title to the money, even after judgment, as remaining in the third party.

Section 586 of the Code now provides that upon taking the proper measures, the money, while on deposit, shall be deemed the property of any third party the defendant may direct, subject to the contingencies before noted, and subject to the rights of creditors, if the direction was given for the purpose of hindering, delaying, or defrauding them.

The case of *Dunlop* v. *The Paterson Fire Ins. Co.* (74 N. Y. 145), is not in point, as in that case there was no dispute respecting the title to the money deposited; but the question was, whether money conceded to belong to the appellant and deposited by him with the clerk of the court in lieu of an undertaking on appeal was liable to attachment in an action by a third person against the depositor.

If now we turn to section 3272 of the Code we find that it only requires that the money be deposited as security for costs, and is to be applied to the payment of costs, if any are

awarded against the plaintiff. If costs are awarded, it is to be applied to their payment, no matter whose money may have been deposited. It is deposited subject to this contingency, and no other. The money of a third party so deposited as fully satisfies the law as if it were the plaintiff's.

We, therefore, conclude that the title to money deposited as security for costs, remains in the depositor, subject only to the contingency for which it was deposited. In the case under consideration, the event of the second action has demonstrated the fact that the defendant in that action was not entitled to costs, and the deposit ceased to be security, and as it belonged to third persons they became entitled to its return, if not to themselves, at least to the court from which it was taken.

The proceedings resulting in the order of April 13th, did not apprise the court that the money was deposited in an action other than the one in which the order was granted; nor that it belonged to third parties; and when these facts were brought to its attention it clearly had the right to vacate the erroneous order.

We also think that on the facts in this case the court below had the power to order the defendant's attorney to restore and pay over the money to its clerk. He had received it in his capacity as attorney in an action in that court, and was given an opportunity to show that he had paid over the money, or a part of it, to his client, which he failed to do; it must, therefore, be assumed that he retained the whole of it in his possession, at the time the order was made.

The mere fact that "he had accounted for it," while he kept it in his pocket, is not sufficient in this case. The order under which he obtained it was *ex parte*, and could not determine the title to it, nor in any manner affect such title, and in this respect differs from *Langley* v. *Warner* (3 N. Y. 327), where the money was collected and paid over under an execution based upon a judgment valid at the time. In the matter of *Wilmerding* v. *Fowler* (55 N. Y. 641), the authority of the court to grant an order similar to the

one under review was not disputed, but it was sent back to the special term in order that the appellant might show the very thing the court below in this case permitted him to do, but which he failed to show:

The order appealed from directs the payment of the money into court "to the end that such application may be made in respect thereto as the parties interested therein may be advised." Of such application the appellant should have notice, and then all his rights, if any, can be fully protected. It is not necessary at this time to pass upon any of them further than we have already done.

The order should be affirmed, with costs.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Order affirmed, with costs.