SAMUEL ALEXANDER, Appellant, *v.*. FRANK D. CREAMER, Sheriff of
Kings County, Respondent.

*Money deposited by a third person in lieu of bail on an attachment — it is not to be*
*applied to pay the debt — not recoverable from the sheriff until the attachment pro-*
*ceeding is terminated.*

Money deposited with a sheriff, in lieu of bail on an attachment against a debtor
  in proceedings supplementary to execution, by a third person, to whom the
  sheriff receipts therefor, should not be paid over to the plaintiff in such pro-
  ceedings as being the property of the judgment debtor, and hence applicable
  to the payment of the judgment.
Where, however, the record fails to show any order terminating the attachment
  proceedings, so as to release the money thus deposited with the sheriff, the
  party depositing it cannot maintain an action therefor against the sheriff.

APPEAL by the plaintiff, Samuel Alexander, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Kings on the 14th day of February,
1899, upon the verdict of a jury rendered by direction of the court
dismissing the complaint upon the merits.

*John R. Farrar* [*James F. Quigley* with him on the brief], for
the appellant.

*Charles H. Hyde*, for the respondent.

CULLEN, J.:

The action was brought to recover the sum of fifty dollars
deposited with the sheriff by the plaintiff's assignor in lieu of bail
on an attachment granted against one Robert Cuddy in proceedings
supplementary to execution. The receipt ran in this form :

" Received from Frederick Hunecke (plaintiff's assignor) the sum
of Fifty (50) Dollars as deposit of bail set in. the above case, as
called for on an order of attachment against judgment debtor," etc. ;
signed, " Frank D. Creamer, Sheriff." The defendant paid this
money over to the plaintiff in the supplementary proceedings under
an order made therein by the county judge. The order did not
assume to apply the money in satisfaction of any fine imposed on .
the judgment debtor for contempt, but as being .the property of

the judgment debtor, and hence, applicable to the payment of his debt.

That either in civil or criminal proceedings money deposited as bail may be applied to the satisfaction of obligations to secure which the defendant is held to bail, regardless of the rights of third parties to the money, seems settled by authority. (*Salter* v. *Weiner*, 6 Abb. Pr. 191; *Hermann* v. *Aaronson*, 3 Abb. [N. S.] 391; *People ex rel. Gilbert* v. *Laidlaw*, 102 N. Y. 588.) Therefore, had this money been taken to pay a fine imposed on the judgment debtor for his contempt, we assume that the claim of the plaintiff's assignor could not have been permitted to defeat such application. But the order under which the money was paid to the sheriff by the judgment creditor was not of this character. It assumed to treat the fund on deposit with the sheriff as the money of the defendant in the supplementary proceedings. The receipt given by the sheriff shows that the money was not the property of that defendant, but of the plaintiff's assignor, and the order is not a protection for such payment. But the record before us fails to show any order terminating the attachment proceedings so as to release the money deposited with the sheriff. On this ground the learned trial court correctly held that the action could not be maintained. We think, however, that it was erroneous to direct a verdict for the defendant; the proper course was to dismiss the complaint, but not on the merits.

The judgment appealed from should be modified so that the dismissal of the complaint shall not be on the merits, and as thus modified affirmed, without costs of the appeal to either party.

All concurred.

Judgment modified by striking therefrom the words "on the merits," and as modified affirmed, without costs of this appeal to either party.