(158 App. Div. 159.)

### TIFFANY v. HARVEY, Sheriff.

(Supreme Court, Appellate Division, Second Department.   July 25, 1913.)

1. SHERIFFS AND CONSTABLES (§ 103*)—LIABILITY AS BAIL—CASH BAIL—PAYMENT INTO COURT.

    Where a sheriff, having received an order for the arrest of defendant in a civil action, accepted cash bail, the sheriff was required by Code Civ. Proc. § 583, to pay the bail so received into court within five days after receiving it, and for failure to do so he became liable as bail, provided plaintiff was injured thereby.

    [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 220; Dec. Dig. § 103.*]

2. SHERIFFS AND CONSTABLES (§ 103*)—LIABILITY AS BAIL—CASH BAIL—PAYMENT INTO COURT—EXCUSE FOR FAILURE.

    It was no excuse for a sheriff's failure to pay cash bail into court, as required by Code Civ. Proc. § 583, that neither the county clerk nor the chamberlain of the city of New York wished to receive it; since, it being their official duty to do so, they might be compelled to perform the same.

    [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 220; Dec. Dig. § 103.*]

3. SHERIFFS AND CONSTABLES (§ 121*)—CASH BAIL—UNDERTAKING—NOTICE OF JUSTIFICATION.

    Where cash is deposited with a sheriff in lieu of bail, and thereafter an undertaking is given, the sheriff is bound to serve notice of justification on plaintiff's attorney without waiting for an exception to be taken to the sureties, and until such notice is given and the sureties justify, and the judge before whom the justification is had so directs, the sheriff is not authorized to return the deposit, and, if he does so, so that the money may not be applied to a judgment subsequently recovered in the action, he is liable therefor as provided by Code Civ. Proc. § 585.

    [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 219, 221; Dec. Dig. § 121.*]

4. SHERIFFS AND CONSTABLES (§ 133*)—CASH BAIL—SURRENDER—STATUTORY LIABILITY—LIMITATIONS.

    Where a sheriff, having taken cash bail, surrendered the same on receiving an undertaking, without giving notice to plaintiff's attorney of the justification of sureties, or without an order authorizing the return of the deposit, plaintiff's right of action against the sheriff did not accrue until plaintiff recovered judgment in the action, so that an action against the sheriff within a year from the date of such recovery was not barred by limitations.

    [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 274; Dec. Dig. § 133.*]

5. SHERIFFS AND CONSTABLES (§ 129*)—SURRENDER OF BAIL—ACTIONS—CONDITIONS PRECEDENT—PAYMENT OF JUDGMENT.

    Where a sheriff illegally surrendered cash bail and took an undertaking, he thereby rendered himself amenable to any mandate which might be issued to enforce a final judgment against defendant in the action, as provided by Code Civ. Proc. §§ 575, 595, and, an execution against the debtor's person having been returned "not found," plaintiff was not required to prove that the judgment against the debtor remained unpaid, in order to establish a cause of action against the sheriff.

    [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 264–266; Dec. Dig. § 129.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. PLEADING (§ 67*)—CASH BAIL—ILLEGAL SURRENDER—DEFENSES.
    Where a sheriff illegally surrendered cash bail and thereafter plaintiff recovered judgment against the debtor, and an execution against his person was returned "not found," payment of the judgment was an affirmative defense which plaintiff was not required to negative.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 139; Dec. Dig. § 67.*]

Appeal from Trial Term, Queens County.

Action by Judson D. Tiffany against Herbert S. Harvey, late Sheriff of Queens County. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and judgment directed for plaintiff for $500, with interest, etc.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Samuel J. Rawak, of New York City, for appellant.

William Rasquin, Jr., of New York City, for respondent.

BURR, J. This action is brought against the former sheriff of Queens county to enforce a statutory liability. After trial before the court, a jury having been waived, judgment was rendered dismissing the complaint upon the merits. Plaintiff thereupon appealed. On September 15, 1908, plaintiff began an action in the Supreme Court against Charles F. Washburn to recover damages in an action for conversion. On the same day an order was made directing defendant, at that time the sheriff of Queens county, to arrest the said Washburn and hold him to bail in the sum of $500. On the same day defendant executed the order of arrest, and served upon Washburn a summons and complaint in said action, and a copy of the order of arrest, and of the affidavit and undertaking given to secure the same. When Washburn was arrested, he deposited with defendant the sum of $500 cash in lieu of bail, and he was thereupon released. On September 24, 1908, Washburn filed with defendant an undertaking of bail, with two sureties, which undertaking was approved as to form and sufficiency by the county judge of Queens county, and thereupon, without notice to plaintiff, without procuring said bail to justify, and without any order by any court or judge authorizing him so to do, defendant returned to Washburn the sum previously deposited with him in cash. The trial court has found that a copy of said undertaking of bail was, on the 25th day of September, 1908, "inclosed in a securely postpaid wrapper" and mailed by defendant to the attorney for plaintiff at his office in the borough of Manhattan and city of New York.

In view of the positive testimony of plaintiff's attorney that he never received said copy, and the weak, evasive, and uncertain testimony given on the part of defendant as to such mailing, we think that defendant has not established this fact by a fair preponderance of evidence, and that this finding was erroneous. It is undisputed, however, that defendant did not at that time, nor at any other time, deliver to plaintiff's attorney any certified copy of the order of arrest with his return thereon, nor any notice of justification of sureties on the un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dertaking. On April 27, 1912, final judgment was rendered in plaintiff's favor in the action of Tiffany v. Washburn for $1,323.37, and on May 6, 1912, an execution thereunder was issued to the sheriff of Queens county and returned unsatisfied. On May 31, 1912, an execution against the person of Charles F. Washburn was issued to said sheriff, who, on the 23d day of July, 1912, returned the same, with an indorsement thereon that the defendant named therein could not be found. It appears that plaintiff did not know the actual residence of Washburn when said executions were issued, and there is no evidence that at that time he resided anywhere within the state of New York. Thereafter, and on August 8, 1912, this action was commenced to recover the sum of $500 from defendant.

[1] We think that the evidence made out a prima facie case of liability sufficient, in the absence of evidence to the contrary (and in this case there was none), to justify a judgment in plaintiff's favor. It was the sheriff's duty within five days after the receipt of cash bail to pay it into court (Code Civ. Proc. § 583), and for his failure so to do he became liable as bail, provided plaintiff was injured thereby.

[2] The excuse offered, namely, that neither the county clerk of Queens county nor the chamberlain of the city of New York wished to receive it, is insufficient. Performance of an official duty on the part of a public officer may be compelled by any one interested in such performance. People ex rel. Stephens v. Halsey, 37 N. Y. 344; People ex rel. Waller v. Supervisors, 56 N. Y. 249; People ex rel. Robison v. Supervisors, 85 N. Y. 323. When an undertaking of bail is given in the first instance, the sheriff is exonerated if he gives to plaintiff's attorney certified copies of the order of arrest, return, and undertaking, and if within ten days thereafter said attorney fails to notify him that he does not accept such bail, or if he does so notify him, if the bail justify. Code Civ. Proc. §§ 577, 581. No sufficient notice was given to call upon plaintiff to except to the surety if this section were applicable.

[3] But when cash is deposited with the sheriff in lieu of bail, and subsequently an undertaking is given, the affirmative duty is imposed upon the sheriff of serving notice of justification without waiting for exception (Hermann v. Aaronson, 3 Abb. Prac. [N. S.] 389; Id., 8 Abb. Prac. [N. S.] 155; Commercial Warehouse Co. v. Graber, 45 N. Y. 393), and until such notice is given and said sureties do justify, and the judge before whom the justification is had so directs, the sheriff is not authorized to return such deposit, and, if he does so, so that the money may not be applied to the payment of the judgment, if one is recovered in the action, he is guilty of an unlawful official act, to plaintiff's damage (Code Civ. Proc. § 585).

[4] The learned counsel for respondent contends that, if such be the case, the statute of limitations began to run upon the day that the money was returned, and, more than one year having elapsed thereafter, this action is barred. Id. § 385. While the first wrongful official act occurred on the 24th day of September, 1908, the cause of action was not complete until plaintiff had recovered his judgment, since up to that time he had no right to the money, and no injury had been sustained by him, and defendant's liability had not been incurred.

Id. 587. As this action was commenced within one year after that date, the plea of the statute of limitations fails.

[5] The learned trial court based its decision in favor of defendant solely upon the ground that there was a failure on plaintiff's part to allege and prove that the judgment recovered against Washburn was unpaid, citing from Judge Vann's opinion in Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740. In that case Judge Werner alone assented to the opinion in full. Judges Gray and Bartlett held that in the case under consideration the burden of proof as to nonpayment was on plaintiff, but the latter declined to express an opinion on the general questions of law discussed therein as to the burden of proof, while Chief Judge Cullen, with whom Judges O'Brien and Haight concurred, although voting to reverse the judgment appealed from on other grounds, dissented from the doctrine of Judge Vann's opinion. Within such circumstances the rule therein referred to should not be extended to a state of facts differing from those upon which that controversy depended. Acharan v. Samuel Bros., 144 App. Div. 182, 128 N. Y. Supp. 943.

But in this case the action was not upon the judgment recovered by plaintiff against Washburn. Defendant's obligation as bail was that Washburn would render himself amenable to any mandate which might be issued to enforce a final judgment against him in the action. Code Civ. Proc. §§ 575, 595. There was allegation and conclusive proof that he had not done so. The breach being established, and injury resulting therefrom, plaintiff's cause of action was complete. Bensel v. Lynch, 44 N. Y. 162; Cozine v. Walter, 55 N. Y. 304.

[6] If subsequently anything occurred by which defendant's obligation was discharged, or the damages resulting from the breach thereof mitigated, this was an affirmative defense, to be pleaded and proved. Bradbury's Rules of Pleading, 1282, § 30. The court properly held that the executions against the property and person of Washburn were duly issued. Code Civ. Proc. § 597. But if defendant had not improperly returned the cash deposited in lieu of bail, such sum would have been applicable to payment of the judgment under the direction of the court (Code Civ. Proc. § 585), without the issuing of any execution (Hermann v. Aaronson, 8 Abb. Pr. [N. S.] 155, on page 160; Commercial Warehouse Co. v. Graber, supra, 45 N. Y. page 395).

The judgment appealed from must be reversed, upon questions of fact as well as of law, and judgment directed for the plaintiff in the sum of $500, with interest thereon from August 8, 1912, the date of the commencement of this action, with costs of the said action and of this appeal. The ninth finding of fact is reversed as contrary to the evidence, and in lieu thereof this court finds that no copy of the undertaking of bail was ever delivered to the plaintiff's attorney. All concur.