PAUL E. WESENBERG, Plaintiff, v. LUKE McCORMACK, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, Sixth District, December, 1922.

Practice — conversion — imprisonment of judgment debtor — deposit of money in lieu of undertaking, for jail liberties — disposition of deposits.

In an action brought for the conversion of personal property plaintiff recovered judgment in a certain sum but no order of arrest was granted during the pendency of the action. An execution against the property of the defendant having been returned unsatisfied he was taken into custody under an execution against his person and a third person having in lieu of an undertaking for jail liberties deposited with the warden of the jail the amount of the judgment and costs, defendant was released to the jail liberties. Nearly a month after the sum so deposited with the warden had been paid to the clerk of the court and by him deposited with the city chamberlain the defendant was again taken into custody under the same execution upon the ground that the cash deposit should have been double the amount of the judgment. Such demand having been complied with by still another third person, defendant was again released to jail liberties. Held, that under section 856 of the Civil Practice Act, which provides for the disposition of money deposited in lieu of an undertaking for jail liberties, plaintiff was not entitled to an order directing the application of the moneys so deposited or any part thereof to the satisfaction of his judgment.

Under section 856 of the Civil Practice Act, which governs the entire matter, the deposits must be refunded " to the prisoner or his representative," but the defendant having joined in the application of each of the third persons making the deposits, for a return thereof by supplying his supporting affidavit, the applicant in each motion will be deemed the prisoner's " representative " within the meaning of the statute, and the motions for orders directing the city marshal to pay back to said third persons the moneys deposited by them in lieu of an undertaking for jail liberties to the defendant will be granted.

MOTIONS for refund of deposits made in lieu of an undertaking for jail liberties.

Davis, Wagner, Heater & Holton (Guy C. Heater, of counsel), for plaintiff.

John T. Bladen (Edwin L. Smart, of counsel), for claimants.

LAW, J.   These are motions by Frank C. Eichhorn and Hannah McCormack, respectively, for orders directing the city chamberlain to pay back to them certain moneys deposited by them in lieu of an undertaking for jail liberties to the defendant. The plaintiff makes a cross motion for an order directing the city chamberlain to pay to the plaintiff so much of the said moneys on deposit as will satisfy the plaintiff's judgment.

On February 1, 1921, the plaintiff recovered judgment against the defendant, in an action for the conversion of personal property,

in the sum of $168. No order of arrest was granted during the pendency of the action. Execution against the property of the defendant having been returned unsatisfied, an execution against the person of the defendant was issued on March 21, 1921, and the defendant, on July 12, 1921, was taken into custody by a city marshal under such execution, and confined in the Kings county jail. On July 13, 1921, the said Frank C. Eichhorn deposited with the warden of the Kings county jail the sum of $177, the amount of the judgment, with costs, for the release of the defendant to the liberties of the jail. On July 16, 1921, this amount was paid to the clerk of the court, and by him deposited with the city chamberlain.

Thereafter and on or about August 9, 1921, the defendant was again taken into custody under the same execution on the ground that the cash deposit should have been double the amount of the judgment. On August 9, 1921, a further deposit of $177 was made by the said Hannah McCormack, and the defendant was again released to jail liberties.

In solving the perplexing questions here presented the distinction between bail and an undertaking or bond for the liberties of the jail should be kept clearly in mind. Bail can be given by a defendant in a civil action only when he is held under an order of arrest and before he is in contempt, where the order can be granted only by the court, or, in any other case, before execution against his person has been issued. After issuance of the execution against his person, his only recourse to escape actual confinement is to give an undertaking for jail liberties. The form and effect of the undertaking of bail is very different from the form and effect of the undertaking for jail liberties. The undertaking of bail is provided for by section 849 of the Civil Practice Act (same in substance as section 575 of the Code of Civil Procedure). The undertaking for jail liberties is provided for by section 364 of the Prison Law. Where the defendant is allowed to give bail he is not confined to the liberties of the jail but is free to go where he will. On the other hand, where the defendant is admitted to the liberties of the jail, he is still confined and the only effect of the undertaking is to extend the walls of the jail, so far as the defendant is concerned, to the jail limits.

Under the provisions of section 856 of the Civil Practice Act (same in substance as section 582 of the Code of Civil Procedure) the defendant has the right, whether entitled to release on bail or to jail liberties, to deposit the sum specified in the order of arrest, or which might be required in the undertaking for the jail liberties. There is no question, under the provisions of section

859 of the Civil Practice Act (identical with section 585 of the Code of Civil Procedure) that if the money deposited in lieu of bail remains on deposit when final judgment is rendered for the plaintiff, it must be applied, under the direction of the court, in satisfaction of the judgment. So also, under the provisions of the same section, if the money deposited in lieu of bail is not refunded before the expiration of the right to be discharged on bail, in a case wherein the judgment demanded requires the performance of an act, the neglect or refusal to perform which would be punishable by the court as a contempt, it is subject to the direction of the court, as justice requires, before and after judgment. It is also true that where money is deposited in lieu of bail in a criminal action, if it remains on deposit and unforfeited at the time of a judgment for the payment of a fine, it must be applied, under direction of the court, in satisfaction of the fine; but this is so because of the express provision of section 589 of the Code of Criminal Procedure. All of the cases cited by counsel for the plaintiff relate to deposits of money in lieu of bail in either civil or criminal actions. The decisions in such cases rest upon express statutory provision. None had to do with money deposited in lieu of an undertaking for the liberties of the jail. Nor does counsel for the claimants cite any decided case in point.

We must, then, look for statutory provision for the disposition of money deposited in lieu of an undertaking for jail liberties. It is found in section 856 of the Civil Practice Act (same in substance as section 582 of the Code of Civil Procedure). After providing that a defendant or other person arrested or attached on civil process, who is entitled to release on bail or to jail liberties on giving the required undertaking, instead of giving bail or such undertaking, may deposit with the sheriff the sum specified in or indorsed upon such process, or which might be required in such undertaking, the said statute expressly provides as follows: "A deposit so made in lieu of an undertaking for jail liberties must be applied under direction of the court in satisfaction of any judgment for escape of the prisoner from such liberties and in payment of any expense incurred in the defense of an action for such escape, *and thereafter the surplus, if any, and in case there has been no such escape, the whole of such deposit must be refunded to the prisoner or his representative * * *.*"

It is not claimed that the plaintiff has recovered any judgment for escape of the defendant from the jail liberties. Assuming that the defendant did temporarily leave the jail limits as claimed by the plaintiff, section 369-f of the Prison Law would probably provide a complete defense to any action that might now be brought.

Hence it is clear that the plaintiff is not entitled to an order directing the application of the moneys deposited in lieu of undertaking for the jail liberties, or any part thereof, to the satisfaction of his judgment against the defendant. *Alexander* v. *Creamer*, 46 App. Div. 211.

The only question remaining is whether the claimants are entitled to the relief provided in section 856 of the Civil Practice Act. Had the defendant made the deposits in question, he would clearly be entitled to have the whole of such deposits refunded to him. Section 860 of the Civil Practice Act (identical with section 586 of the Code of Civil Procedure) appears to have no application to a deposit made in lieu of an undertaking for jail liberties. The entire matter is governed by section 856 of the Civil Practice Act. The deposits must be refunded " to the prisoner or his representative." There is no express provision for the return of the deposits to a third person who made the deposit. But inasmuch as the defendant, who was the " prisoner," joins in each application for a return of the deposit by supplying his supporting affidavit, I think the applicant in each motion may be deemed the prisoner's " representative " within the meaning of the statute. The plaintiff has apparently pursued none of the remedies open to him as a judgment creditor. There are ways in which, as judgment creditor, he could have tested the ownership of the deposits in question. Having failed to avail himself of any such remedies he is not in a position to oppose these applications.

Motions of Hannah McCormack and Frank C. Eichhorn, respectively, must be granted. Motion of plaintiff must be denied.

Ordered accordingly.