WORLD EXCHANGE BANK, Plaintiff, *v.* HARRY BROWN and LOUIS FISHBEIN, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, December 6, 1926.

Executions — deposit in lieu of undertaking — money deposited under Civil Practice Act, § 856, for jail liberties may not be applied to judgment — order on city chamberlain of city of New York to pay plaintiff money so deposited improper — said order may be made only in event there is no dispute as to fund.

Plaintiff having recovered a judgment against one of the defendants herein is not entitled to have the money deposited with the city chamberlain of the city of New York, either by said defendant or a third party on behalf of said defendant, pursuant to section 856 of the Civil Practice Act, in lieu of an undertaking for jail liberties, applied to its judgment against said defendant, for under said statute the money so deposited was either to be returned to the judgment debtor or his representative upon the termination of the period during which he was confined under the body execution.

An order upon the city chamberlain to pay over to a party in litigation money deposited under section 856 of the Civil Practice Act, can only be made when there is no dispute as to the right of said party to the fund and consequently it was improper to direct said city chamberlain in this instance to pay over said fund to the plaintiff where a third party claims said fund.

APPLICATION for reargument of motion on which an order had been entered.

*Mayer Greenberg,* for the plaintiff.

*Lazarus & Elias,* for the defendants.

PANKEN, J. This is an application for the reargument of a motion upon which an order has been entered. The order heretofore made denying the motion is set aside.

The denial of the motion and the order entered thereon on March 29, 1926, provides in part as follows: " Denial of this motion is without prejudice to bringing on another motion for such relief as is still available to the moving parties."

In denying the application made on behalf of Alexander Billek, the third party, on March twenty-ninth, I was in error. While it is true that the money deposited with the city chamberlain has by the order of one of my colleagues been paid over to the plaintiff

herein, and there being no funds to the credit of this action out of which the city chamberlain may satisfy the claim of the third party, if, however, the money paid over by the city chamberlain to the plaintiff herein in fact belonged to the third party, it would be visiting punishment upon the third party.

I have looked at the case of *Wesenberg* v. *McCormack* (119 Misc. 775), and while the decision in that case is not binding upon me, the reasoning in support of that decision is so clear that I accept it. It seems to me that it lays down the law applicable, clearly.

Section 856 of the Civil Practice Act provides as follows: "A defendant, or other person arrested or attached on civil process, who is entitled to release on bail or to jail liberties on giving the undertaking required by statute, instead of giving bail or such undertaking, may deposit with the sheriff the sum specified in or endorsed upon such process, or which might be required in such undertaking. The sheriff must thereupon give the prisoner a certificate of the deposit and discharge him from custody. A deposit so made in lieu of an undertaking for jail liberties must be applied under direction of the court in satisfaction of any judgment for escape of the prisoner from such liberties and in payment of any expense incurred in the defense of an action for such escape, and thereafter the surplus, if any, and in case there has been no such escape, the whole of such deposit must be refunded to the prisoner or his representative, and in case of a deposit in lieu of bail on attachment against the person, it shall abide the disposition of the court or a judge thereof, or a county judge."

It appears from the records, from the judgment roll, that the defendant Harry Brown was placed in the custody of the sheriff by Albert Levine, a marshal of the city of New York, on August 17, 1925. On September 3, 1925, some two weeks thereafter, an order was signed by Mr. Justice LAZARUS, directing the city chamberlain to pay over to the plaintiff herein the sum of $237.65. There is no dispute that the fund out of which the city chamberlain paid the $237.65 was created by a deposit either by the defendant Brown or the third party, Billek, on behalf of the defendant to afford the said Brown jail liberties. The money was deposited as bail for such jail liberties. Under section 856, the sum of money deposited was either to be returned to the prisoner Harry Brown or to his representative upon a compliance with the provisions of law. If the money was deposited by Billek to secure the jail liberties for the prisoner, the defendant Brown, the plaintiff in this case had no greater right to satisfy a judgment out of that fund than it would have had had the money been deposited by the prisoner Brown himself.

Under the Civil Practice Act that sum would have had to be returned to the prisoner. The deposit was made to obtain the jail liberties for the prisoner during such period which would have compelled his confinement under the body execution. That period is six months.

The order upon the city chamberlain to pay to the plaintiff the sum above mentioned was obtained without notice either to the defendant Brown or to the third party claiming the fund. I must assume that the defendant Brown still considered himself a prisoner having jail liberties. In any event he considered himself a prisoner until such time as he had discovered that the judgment was satisfied out of the deposit made by him to afford him jail liberties, so that the plaintiff in the case satisfied his judgment and continued the defendant a prisoner.

It may be academic to inquire what would have happened had the defendant Brown gone beyond the jail limits. Would he still be liable? Undoubtedly his liability with the satisfaction of the judgment would have terminated. It should. Yet he would be guilty of a violation of the provisions of the bond had he left the jail limits.

An order upon the city chamberlain to pay over money to a party in a litigation may only be made when there is no dispute as to the right of the party to the fund. In this case a third party claims the fund. Under section 856 of the Civil Practice Act even if it does not belong to the third party, it was held to the account of the prisoner. The test is, should the plaintiff be entitled to satisfy its judgment out of the money deposited to secure the defendant jail liberties; could that be done before the expiration of the period of the incarceration of the defendant as provided for by law, and that without notice to him?

The common sense viewpoint is that the plaintiff could not satisfy its judgment and at the same time continue the prisoner under restraint.

Settle order on notice. ⸻