ELLA M. STURGES, Plaintiff, *v.* WILLIAM A. STURGES, Defendant.

(Supreme Court, Monroe Special Term, February, 1921.)

Arrest — when motion to vacate an order of, denied — undertakings — bail — Code Civ. Pro. §§ 550, 575.

> An undertaking on arrest given under sections 550 and 575 of the Code of Civil Procedure by the defendant in an action for separation, is in the nature of equitable bail to insure the payment of alimony as provided in the final decree, and defendant's motion to vacate the order of arrest and to discharge the undertaking on the ground that the case has been tried and a decree entered will be denied.

MOTION to vacate order of arrest.

McInerney & Bechtold, for motion.

H. H. Cohen, opposed.

RODENBECK, J. The defendant was arrested under section 550 of the Code of Civil Procedure during the pendency of an action for separation and gave an undertaking to be released from arrest. He now moves to vacate the order of arrest and discharge the undertaking on the ground that the trial has been had and a decree of the court made. The undertaking in this action was given under sections 550 and 575 of

the Code to insure the observance of the decree in this action. Section 550 is a substitute for the old writ of ne exeat which cannot be definitely traced to its source (Story Eq. Juris. 1464 *et seq.;* 11 Kent Com. 31; Beames Ne Exeat Regno) and is interesting only in this state as illustrating the cases in which it was resorted to and the tenacity with which a learned profession clings to ancient procedure. The writ was not abolished until 1876 when the first part of the Code of Civil Procedure was adopted (§ 548). There are other writs in the Code of Civil Procedure just as antique in their procedure as the writ of ne exeat and yet they are continued from year to year and survive in the proposed revision of the Code of Civil Procedure with only a change in name to plague the practice of the law. Relief under section 550 like that under the old writ of ne exeat is in the nature of equitable bail. The purpose of it is to insure the presence of the party in the state to answer the decree of the court. Under the common law a subject could leave the domain at will and the writ of ne exeat was created first as a prerogative writ to restrain him within the realm to aid the state in time of need and later it was applied by the Court of Chancery to equitable cases. When the writ was in existence it was available in actions for divorce and separation (*Denton* v. *Denton,* 1 Johns. Ch. 365, 441; *Boucicault* v. *Boucicault,* 21 Hun, 431; *Bushnell* v. *Bushnell,* 15 Barb. 399; 29 Cyc. 387; Story Eq. Juris. §§ 1472, 1473) and under section 550 it may be properly resorted to in the same kind of actions. *Gardiner* v. *Gardiner,* 3 Abb. N. C. 1. The object is to furnish a complete remedy to enforce the decree which the court otherwise would be powerless to do and to prevent the decree from being defeated by fraud. *People* v. *Tweed,* 5 Hun, 382, 389; Story Eq. Juris. § 1472. The undertaking in this case provides that the

defendant will obey the direction of the court or of an appellate court contained in an order or a judgment requiring him to perform the acts specified in the order; or, in default of his so doing, that he will at all times render himself amenable to proceedings to punish him for the omission. Code Civ. Pro. § 575, subd. 1. On its face and in accordance with the practice, the undertaking is in the nature of equitable bail to insure the payment of the alimony provided in the decree and cannot be discharged as claimed on this motion after the decree has been granted because given while the action was pending. The motion is denied, with ten dollars costs.

Motion denied, with ten dollars costs.