ANNA SUBERNICK, Plaintiff, *v.* MEYER SUBERNICK, Defendant.

Supreme Court, Kings Special Term, May 10, 1924.

Arrest — deposit of cash bail — where defendant is available to processes of court bail money cannot be applied to satisfaction of judgment under Civil Practice Act, § 859 — payment of costs enforcible only by execution — remedy for non-payment of alimony is by contempt proceeding.

Where a defendant in a matrimonial action has deposited cash bail in accordance with the provisions of an order of arrest and is available to the processes of the court the moneys on deposit cannot be applied to the payment of arrears of alimony and unpaid costs pursuant to section 859 of the Civil Practice Act.

Payment of costs may not be enforced other than by execution.

The plaintiff's remedy for the non-payment of alimony is to punish the defendant for contempt.

MOTION by the plaintiff for an order directing payment of arrears of alimony and unpaid costs contained in decree in a matrimonial action.

*David M. Neuberger,* for the plaintiff.

*Joseph J. Levine,* for the defendant.

CARSWELL, J. This is a motion by the plaintiff for an order directing payment of arrears of alimony and unpaid costs contained

in a decree in a matrimonial action, out of certain moneys deposited by or on behalf of the defendant as bail herein. The defendant was arrested under an order of this court and held in $750 bail. It was provided that he might be released upon the furnishing of " a written undertaking executed by sufficient surety, conditioned to the effect that the said defendant will obey the directions of this Court or of an Appellate Court contained in an order or a judgment requiring him to perform said acts as above set forth, or in default of his doing so, that he will at all times render himself amenable to proceedings to punish him for the omission." Thereafter a deposit of cash bail was made, in accordance with the provisions of the order of arrest. Upon the trial a judgment was entered in favor of the plaintiff and directions made therein requiring the defendant to pay $15 per week, and $123.02 costs. The payment of costs so directed may not be enforced other than by execution. Their payment may not be enforced by a proceeding to punish for contempt. *Jacquin* v. *Jacquin*, 36 Hun, 378; *Branth* v. *Branth*, 20 Civ. Pro. Rep. 33. The sole purpose of the bail is to insure the presence of the defendant in order that the court may enforce its orders in the manner in which their enforcement is authorized. Recourse may not be had to the bail for payment of moneys directed to be paid by the court so long as the defendant is available for the applying to him of the methods of enforcement authorized by law. If the defendant has not paid the alimony the plaintiff's remedy is to punish him for contempt. If he has not paid the costs, the plaintiff's remedy is to enforce their collection by execution or garnishee proceedings by way of execution. The provisions of section 859 of the Civil Practice Act do not empower the court to enlarge these remedies of the plaintiff, so long as he continues to be in the jurisdiction amenable to the remedies that are authorized by law, to wit, execution or proceedings for sequestration or in contempt. The only time the court would have power to apply the money deposited as bail to the payment of accrued alimony would be after there had been a breach of the undertaking upon which the deposit of the money as bail was made. If the defendant ceased to be available for the processes of the court for the enforcement of its orders, the bail could be declared forfeited. Then, and only in that event, could the moneys on deposit be applied to the carrying out of the orders of the court which required the defendant to pay moneys to the plaintiff. It is this latter event that is in contemplation under section 859 of the Civil Practice Act which provides that if the money is not refunded " it is subject to the direction of the court as justice requires before and after the judgment." The defendant is still

available for the processes of the court and the bail has not been forfeited. Therefore, no order may be made applying the bail money to the liquidation of the amounts due and coming due under the judgment herein in favor of the plaintiff. This view is in conformity with *Sturges* v. *Sturges*, 114 Misc. Rep. 475, and in so far as it is not in accord with *Wesenberg* v. *McCormack*, 119 id. 775, the latter case may not be followed, as it does not, so far as pertinent herein, give complete recognition to the essential nature of an order of arrest and the precise terms of the undertaking upon which a release from arrest is had. *People ex rel. Wolfe* v. *Johnson*, 230 N. Y. 256, 259. Motion denied. No costs.

Ordered accordingly.