ALICE CHANCER, Respondent, v. LOUIS CHANCER, Appellant.

DORE, J. P. (dissenting in part). There were two orders, only one of which is appealed from. On defendant's motion to confirm the Referee's report (which found defendant's financial status " zero ") the Special Term granted the motion to the extent of relieving defendant of further alimony from the date of that order (May 8, 1952) until " all issues are disposed of by trial "; that order also granted defendant's motion to dismiss the complaint for lack of prosecution unless the case was noticed " for the next available term " which would be the June, 1952, Term. Plaintiff has not appealed from that order of May 8, 1952, and, accordingly, all current payments of alimony have been suspended pending trial. The only order appealed from is the long form order of May 20, 1952, holding defendant in contempt and from that order defendant appeals herein.

Special Term, therefore, while approving the Referee's report to the extent of relieving defendant from any alimony payments subsequent to May 8, 1952, nevertheless granted plaintiff's motion to punish defendant for contempt, fined him the total of unpaid alimony and directed payment within twenty days together with $100 counsel fee.

I agree that the order appealed from should not be affirmed but I think it should not be reversed in its entirety. Accordingly, I dissent in part and vote to modify the contempt order appealed from by fining defendant the unpaid alimony of $4,020, but striking out the requirement that it be paid within twenty days and substituting instead a provision that defendant may purge himself by paying plaintiff $10 a week on the total arrears of $3,920 and by paying plaintiff's counsel the $100 counsel fee allowed, one half twenty days after an order to be entered herein and the other half on the day the case is reached for trial.

Cohn, Van Voorhis and Breitel, JJ., concur in decision; Dore, J. P., dissents in part, in opinion.

Order reversed and the motion to punish defendant for contempt denied. No opinion. [See post, p. 820.]