Standard Electric Equipment Corp., Appellant, *v.* Jerry Laszkowski et al., Individually and Doing Business as Associates Trading Co., Respondents. Lucyna Imilkowski, Respondent.

*Argued January 6, 1953; decided January 21, 1953.*

*Mendel Zucker* and *Sol Deutsch* for appellant. I. If money is deposited in lieu of bail and remains on deposit when final judgment is rendered for plaintiff, it must be applied in satisfaction of the judgment. (*Lichter* v. *Raff*, 149 Misc. 53; *United States* v. *Davis*, 47 F. Supp. 176; *Wesenberg* v. *McCormack*,

119 Misc. 775; *Hull* v. *Cohen,* 140 Misc. 846; *Alexander* v. *Creamer,* 46 App. Div. 211; *Salter* v. *Weiner,* 6 Abb. Prac. 191; *Hermann* v. *Aaronson,* 3 Abb. Prac. [N. S.] 389; *People ex rel. Gilbert* v. *Laidlaw,* 102 N. Y. 588; 7 Carmody on New York Practice [2d ed.], § 174, p. 193; *Rallings* v. *McDonald,* 76 App. Div. 112.) II. The present appeal involves " a deposit in lieu of bail ". It does not involve " bail ". (*Carlson* v. *Landon,* 342 U. S. 524.)

*Joseph S. Meadow* and *Murray K. Josephson* for Lucyna Imilkowski, respondent. The question certified by the Appellate Division should be answered in the negative. Money deposited by a third person in lieu of bail must be repaid to such person in the absence of escape of the prisoner from jail liberties. (*Kennerly* v. *Tompkins,* 23 Abb. N. C. 296; *Steinberg* v. *Frankel,* 154 Misc. 179; *Selig* v. *Summerville,* 46 N. Y. S. 2d 740; *Lichter* v. *Raff,* 149 Misc. 53.)

FROESSEL, J. In this action for misappropriation of moneys entrusted to defendants as fiduciaries, Jerry Laszkowski (hereinafter called defendant) was arrested under a judge's order, as a provisional remedy, pursuant to the provisions of subdivision 7 of section 826 of the Civil Practice Act. On review of an order denying defendant's motion to vacate the arrest order, the Appellate Division modified said order by reducing the amount of bail from $9,302 to $1,000 (see 278 App. Div. 826). A deposit of $1,000 was then made in lieu of bail, as provided in section 856 of the Civil Practice Act. It appears that such deposit was of funds actually belonging to a third party herein, Lucyna Imilkowski. Defendant duly executed an assignment of such deposit to said third party, directing, as provided by statute (Civ. Prac. Act, § 860), that it be paid over to her " in the event that I become entitled to a return thereof " — a contingency which has never occurred.

Plaintiff had judgment in the sum of $5,000. Subsequent thereto, the third party intervened in the action and moved for payment over to her of the money, which had been duly deposited in court by the sheriff. There seems to be no question but what the defendant remained amenable to process. Plaintiff cross-moved for payment of said deposit to it in par-

tial satisfaction of the judgment, contending that it was entitled thereto in any event, and that the third party was not the true owner thereof. The latter issue has been disposed of by the lower courts.

Special Term ordered that the fund be turned over to the third party, and the Appellate Division, First Department, unanimously affirmed. The appeal is here by permission of the Appellate Division upon a certified question, as the order is nonfinal (see *Robinson* v. *Zak,* 262 N. Y. 516; *Rudiger* v. *Coleman,* 206 N. Y. 412). The question is overly burdened with factual detail, but is not fatally defective, since it can be answered " yes " or " no ", the operative part thereof being the last three lines: " is the plaintiff entitled to have the deposited money applied to the satisfaction of its judgment as against the claim of the third party? "

The applicable statutes seem clear beyond peradventure, and require that such question be answered in the affirmative. At the outset it should be noted that we are in nowise concerned here with the giving of bail, which is governed by sections 847, 849–855 of the Civil Practice Act, nor with the giving of a bond for the liberties of the jail, which is covered by sections 848 and 856 of the Civil Practice Act, and sections 515–520 of the Correction Law. Nor are there involved any claims of creditors of defendant, as are provided for in section 860 of the Civil Practice Act. Had an undertaking of bail been given in this case, the condition thereof would have been only that defendant remain amenable to any mandate issued to enforce the judgment against him (Civ. Prac. Act, § 849, subd. 3). Where a deposit is made in lieu of bail, however, the liability is more extensive than that of the bail, even though the fund was provided by a third party (*Commercial Warehouse Co.* v. *Graber,* 45 N. Y. 393; *Lichter* v. *Raff,* 149 Misc. 53; 7 Carmody on New York Practice, § 174, p. 193). Section 856 of the Civil Practice Act provides that such deposit may be made by " a defendant, or other person arrested or attached on civil process "; compliance with the statute requires that such deposit be deemed the property of the defendant for purposes of the action (see *People ex rel. Gilbert* v. *Laidlaw,* 102 N. Y. 588). Such deposits may be released by the giving of bail within the

usual time limitations (Civ. Prac. Act, § 858). If this is not done, in a case such as this, and "if it remains on deposit when final judgment is rendered for the plaintiff, it must be applied under the direction of the court in satisfaction of the judgment, and the surplus, if any, must be refunded to the defendant or his representative. If the final judgment is for the defendant, or the action abates or is discontinued, the sum deposited and remaining unapplied must be refunded to the defendant or his representative." (Civ. Prac. Act, § 859.)

As to third parties, it is provided: "At any time before the deposit is paid into court, the defendant may deliver to the sheriff a written direction to pay it to a third person therein specified, in the event that the defendant becomes entitled to a return thereof, but without expressing any other contingency. * * * The money thus deposited is deemed the property of the third person, subject to the plaintiff's interest therein, and subject to the rights of a creditor of the defendant, where the direction was given for the purpose of hindering, delaying or defrauding creditors. The money or the residue thereof must be paid to the third person where, by the provisions of the last two sections, it is required to be refunded to the defendant or his representative." (Civ. Prac. Act, § 860.)

The scheme so established by the Legislature is plain. By making a cash deposit, a defendant can avoid the limitations of bail, under which his bail are his captors and can always return him to prison in their own exoneration (Civ. Prac. Act, §§ 865–867). In consideration of such privilege, it has been deemed appropriate that the plaintiff be protected. Accordingly, when a third party, such as the applicant herein, furnishes such deposit, she does so with full appreciation that the law regards it as the property of defendant, so far as plaintiff in the action is concerned. As expressly provided in the statute and defendant's direction pursuant thereto, she is entitled to the return of the deposit *only if defendant is*.

We can see no valid reason for disregarding the plain language of these statutes. Cases in the lower courts relied upon by the third party (e.g., *Steinberg* v. *Frankel*, 154 Misc. 179) have been decided principally upon the authority of *Finelite*

v. *Sonberg* (75 App. Div. 455). That case, however, is not authority for the third party's position, and has been mis-applied in the case cited and others. It was an action by the receiver for a stranger to the original action, a creditor of the original defendant, against the defendant and the third-party claimant to the fund. In the opinion (p. 457), it will be noted that said defendant " had subsequently given bail " (after executing the assignment to the third party), and that an order had been made under section 858 of the Civil Practice Act, that the money be refunded to the third party (since bail had been substituted, which was not done in the case before us). Thus the only issue was whether or not the assignment had been intended to defeat the rights of defendant's creditors. If so, then the creditor was entitled to claim the deposit; if not, then the third party was entitled to the refund. *The rights of the original plaintiff were not even remotely involved in that decision.*

The orders appealed from should be reversed, applicant's motion denied, and plaintiff's cross motion granted, with costs in all courts, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Orders reversed, etc.