Alice Chancer, Respondent, v. Louis Chancer, Appellant.

First Department, November 10, 1953.

*Myron A. Ellis* of counsel (*Emil K. Ellis,* attorney), for appellant.

*Sidney Rothenberg* of counsel (*Charles Rothenberg,* attorney), for respondent.

COHN, J.   Defendant in this case was arrested on June 5, 1951, and deposited in lieu of bail cash in the sum of $1,000 the property of his daughter.   The order of arrest dated August 24, 1948, was granted pursuant to section 827 of the Civil Practice Act upon the ground that defendant a resident of the State was about to depart therefrom and that judgment demanded which would require payment of alimony and counsel fees (the neglect or refusal to perform which would be punishable by the court in contempt) would be rendered ineffectual by such departure. The order of arrest reads in part as follows: " the judgment demanded requires the performance of an act, to wit, the payment by defendant to plaintiff of a just and reasonable sum for her maintenance and support."   It further provides that the Sheriff hold: " him to bail in the sum of $1,000.00  *  *  * conditioned to the effect that said defendant will obey the directions of the court or of an appellate court, contained in an order or judgment requiring him to perform said act as above set forth, or, in default of his so doing, that he will at all times render himself amenable to proceedings to punish him for the omission; and return this order, with your proceedings thereunder, as prescribed by law."

The action is for a separation.   It has been pending since July, 1947.   An order directing defendant to pay plaintiff temporary alimony of $20 per week and $200 counsel fee was rendered on July 15, 1947.   The action itself was never tried, hence there is no final judgment.   A judgment for accrued temporary alimony was entered on November 29, 1949, in the sum of $2,620, representing unpaid arrears of temporary alimony for a period of 121 weeks, commencing with June 19, 1947, and for unpaid counsel fees in the sum of $200.   Plaintiff now

concedes that the sum of $2,620 then awarded by the court was erroneously arrived at because of an error in calculating the number of weeks that defendant was in arrears and in failing to credit the defendant with the payment of $100 on account of counsel fees. The default was for 88 weeks rather than for 121 weeks, and the actual amount due under that judgment is $1,760.

After his arrest (June 5, 1951), plaintiff made a motion to hold the husband in contempt for failure to pay all the accrued alimony and counsel fees amounting to $4,020. The arrearages therein set forth included all unpaid temporary alimony and embraced the amount for which an interim judgment had theretofore been entered. The question of defendant's ability to pay was referred to an Official Referee, who found " that the defendant is impecunious to the point of depending on others ", and reported " that the financial status of the defendant is ' zero '." The Special Term rejected the Referee's report and adjudged defendant in contempt of court and directed him to pay the sum of $4,020 within twenty days and ordered that upon his default an order of commitment issue. Upon appeal to this court, the order to punish defendant for contempt was reversed on the ground that defendant was not able to pay. (*Chancer* v. *Chancer*, 281 App. Div. 667.) Plaintiff then made application to have the deposit in lieu of bail applied against the interim judgment. The motion was granted and it is from that order that this appeal is taken.

Relying upon *Standard Elec. Equipment Corp.* v. *Laszkowski* (305 N. Y. 58) it is urged that the deposit of $1,000 is answerable for the judgment in the sum of $2,620 theretofore entered. *Standard Elec. Equipment Corp.* v. *Laszkowski* was a case in which defendant was arrested under a Judge's order by virtue of subdivision 7 of section 826 of the Civil Practice Act. The action there was for misappropriation of money and judgment was entered after the arrest. The order of arrest was bottomed on the nature of the action. Payment of that judgment entered after the order of arrest there constituted the direction of the court and the deposit stood as security for its performance.

We think that the *Standard Electric* case does not compel affirmance here. In the present case, the judgment antedated the arrest and there was no following direction of the court. No final judgment has been entered, nor has defendant disobeyed any order of the court. This court found that he is unable to pay alimony. It seems to us that inasmuch as it has been

determined that defendant in no way breached the undertaking upon which the cash in lieu of bail was deposited, said deposit is not answerable for more than the defendant himself is answerable. In view of the fact that this case has been pending for more than six years and has not yet gone to trial, and no final judgment against defendant has been rendered, the deposit should not at this time certainly, in the exercise of a proper discretion, be applied for plaintiff's benefit. (Civ. Prac. Act, § 859.) It should be remitted to its lawful owner if and when the action is dismissed, is discontinued or otherwise disposed of in defendant's favor.

The order should be reversed and the motion to require payment to plaintiff of the amount of deposit should be denied.

BREITEL, J. (dissenting). The question in this case is whether the direction of Special Term that the $1,000 deposited by the husband in lieu of bail be applied toward partial payment of the judgment for alimony arrears was a proper one.

The order of arrest was made pursuant to section 827 of the Civil Practice Act, on the ground that the resident husband was about to depart from the jurisdiction. The order of arrest was a court order, as distinguished from a Judge's order obtained pursuant to the provisions of section 826 of the Civil Practice Act. Section 827 provides that an arrest order in a case there specified can be granted only by the court. The distinction becomes important, since the present order appealed from, disposing of the husband's deposit in lieu of bail, was made pursuant to the provisions of section 859 of the Civil Practice Act.

Section 859 provides in part: "If money deposited is not refunded * * * in a case where the order of arrest could be granted only by the court, it is subject to the direction of the court, as justice requires, before and after the judgment".

The section goes on to provide the procedure to be followed in disposing of a deposit "In any other case", that is, in·a case where the order of arrest could be granted not only by the court but by a Justice thereof.

It is clear that the existence of a final judgment in the action becomes immaterial where the order of arrest is one which could be granted only by the court. Section 859 in such a case vests the court with discretion to direct disposition of the money deposited "before and after the judgment". Thus, the absence of a final judgment in the separation action itself did not deprive Special Term of its discretionary power.

Moreover, the judgment for accrued arrears, while not a final judgment in the action in the sense of determining the action, is final in the sense that there remains nothing further to be done with respect to it, except to enforce it. (Civ. Prac. Act, § 1171-b.) It is not an interim, interlocutory or intermediate judgment in the sense of being contingent or subject to further condition. It is absolute and final as to the matters it embraces, namely, the accrued arrears of alimony.

The power of Special Term was discretionary. On that there may be no question because the statute is clear. I deem it a proper exercise of discretion. As in the case of *Standard Elec. Equipment Corp.* v. *Laszkowski* (305 N. Y. 58), defendant had the option either to put up bail or to make a cash deposit. In making the cash deposit he subjected the deposit to the court's discretion as provided in section 859 of the Civil Practice Act. He may not now seek to prevent the exercise of that discretion by asserting, as he does, that the cash deposit was not a part of his own funds but was his daughter's. This is different in but one aspect from the *Standard Electric* case, wherein the order of arrest was issued pursuant to subdivision 7 of section 826 of the Civil Practice Act. Consequently, in the *Standard Electric* case the application of the cash fund was mandatory under section 859 rather than discretionary as it is in this case.

*Subernick* v. *Subernick* (123 Misc. 174, Sup. Ct., Kings Co. [1924]) expresses a contrary view. Perhaps that view might have been tenable before the decision in the *Standard Electric* case. In that case, the Court of Appeals makes it clear that (305 N. Y. 58, 61): "Had an undertaking of bail been given in this case, the condition thereof would have been only that defendant remain amenable to any mandate issued to enforce the judgment against him (Civ. Prac. Act, § 849, subd. 3). Where a deposit is made in lieu of bail, however, the liability is more extensive than that of the bail, even though the fund was provided by a third party (*Commercial Warehouse Co.* v. *Graber,* 45 N. Y. 393; *Lichter* v. *Raff,* 149 Misc. 53; 7 Carmody on New York Practice, § 174, p. 193)."

The authority of the *Standard Electric* case and the conclusions to be drawn from the language of the statute are inescapable.

The order of Special Term should be affirmed.

PECK, P. J., and GLENNON, J., concur with COHN, J.; BREITEL, J., dissents and votes to affirm in opinion, in which BOTEIN, J., concurs.

Order reversed and the motion denied. [See *post,* p. 1027.]