ALICE CHANCER, Appellant, *v.* LOUIS CHANCER, Respondent.

Argued November 16, 1954; decided December 31, 1954.

*Sidney Rothenberg* and *Charles Rothenberg* for appellant. I. Money deposited in lieu of bail is deemed the property of defendant so far as plaintiff in the action is concerned. (*Standard Elec. Equipment Corp.* v. *Laszkowski,* 305 N. Y. 58; *Commercial Warehouse Co.* v. *Graber,* 45 N. Y. 393; *Lichter* v. *Raff,* 149 Misc. 53.) II. Defendant's amenability to process does not defeat plaintiff's right as judgment creditor to proceed against money which has been deposited by him in lieu of the bail undertaking required to be furnished under the order of civil arrest. (*People ex rel. Wolfe* v. *Johnson,* 230 N. Y. 256; *Talbot* v. *New Amsterdam Cas. Co.,* 237 N. Y. 245; *Ducas* v. *Federal Union Sur. Co.,* 168 App. Div. 24; *Hermann* v. *Aaronson,* 3 Abb. Prac. [N. S.] 389.) III. A proceeding to obtain cash deposited in lieu of a bail undertaking may be maintained prior to the termination of the action where the order of arrest was issued pursuant to section 827 of the Civil Practice Act. IV. Plaintiff is entitled to apply the cash deposit in lieu of bail to the satisfaction of the pre-existing money judgment obtained by her in this action. (*Talbot* v. *New Amsterdam Cas. Co.,* 237 N. Y. 245; *Scofield* v. *Churchill,* 72 N. Y. 565.)

*Emil K. Ellis* for respondent. I. The Appellate Division properly decided that there was no justification for the forfeiture of the bail. (*Standard Elec. Equipment Corp.* v. *Laszkowski,* 305 N. Y. 58; *Subernick* v. *Subernick,* 123 Misc. 174.) II. No final judgment has been rendered against defendant herein as required by section 859 of the Civil Practice Act. (*Potter* v.

*Rossiter*, 109 App. Div. 35.) III. Plaintiff is attempting to have the cash bail forfeited to pay unsatisfied judgment entered prior to the actual arrest of defendant. IV. This action, having been marked " off " the calendar, should have been automatically dismissed under rule 302 of the Rules of Civil Practice.

VAN VOORHIS, J. This appeal concerns the disposition of $1,000 cash bail posted to lift an order of civil arrest, which Special Term directed to be applied in partial satisfaction of a money judgment obtained by wife against husband for accrued temporary alimony in a separation action. The Appellate Division reversed (282 App. Div. 561), holding that this money had to be paid to defendant, inasmuch as he in no way breached the undertaking upon which the cash in lieu of bail was deposited. The reasoning of the Appellate Division was expressed succinctly in its opinion by Mr. Justice COHN, which stated (p. 564) that " said deposit is not answerable for more than the defendant himself is answerable."

Appellant contends that Special Term had power to direct this money to be paid to the wife under section 859 of the Civil Practice Act, which provides that, upon discharging a defendant from civil arrest, the disposition of money deposited " is subject to the direction of the court, as justice requires, before and after the judgment." This language of section 859 is applicable in a case where the order of arrest could be granted only by the court, which was true of the order of arrest in this case. We agree that the language that the disposition of money so deposited " is subject to the direction of the court, as justice requires " does not invest the court with an arbitrary or unlimited discretion concerning what shall be done with such funds.

The questions certified by the Appellate Division call for a determination of this question as one of law, and its order recites that the decision was based on a determination that it was an error of law for Special Term to direct payment of the cash deposit in the manner stated above.

We think that the Appellate Division decided this issue correctly upon the law. *Standard Elec. Equipment Corp.* v. *Laszkowski* (305 N. Y. 58) held that it was immaterial whether the money deposited in that case belonged to the defendant or to someone else, and if this had also been a case where the right

to arrest depended upon the nature of the action, it may well be that Special Term could have entered its order herein without exceeding its power. In the *Standard Electric* case (*supra*) a defendant had misappropriated money belonging to a plaintiff, which the action was commenced to recover. That order of arrest issued under subdivision 7 of section 826 of the Civil Practice Act, where the right to arrest depends upon the nature of the action, and the cash bail had been posted under an order which lifted the arrest upon condition that the bail be used to apply on the judgment if plaintiff succeeded in obtaining one for the recovery of the misappropriated funds after trial. The plaintiff there would have been entitled to a body execution after judgment, the right to which is limited by section 764 of the Civil Practice Act to instances where under section 826 " the plaintiff's right to arrest the defendant depends upon the nature of the action ". (*Graves* v. *Waite,* 59 N. Y. 156, 160–161; *Elwood* v. *Gardner,* 45 N. Y. 349.)

That was a different situation from the one which is now before the court, where the basis of the arrest was not the nature of the action, nor even extrinsic circumstances such as proof aliunde that the defendant was about to dispose of his property with intent to defraud his creditors. This arrest depended entirely upon the circumstance that defendant had become a nonresident of New York, and that unless he were forcibly detained within this jurisdiction he might depart for his home with the consequence that the judgment could not be enforced against his person by contempt, if our courts were to decide that he had been guilty of contempt. In other words, this order of arrest was procured under section 827 and not under section 826 of the Civil Practice Act. The functions of the two sections are altogether different. The justification for the issuance of an order of arrest under section 826 is that a defendant has been guilty of some wrongful act, such as the misappropriation of funds as in *Standard Elec. Equipment Corp.* v. *Laszkowski* (*supra*), or that he is about to engage in some wrongful conduct which would render a judgment ineffectual, whereas the ground of arrest supplied by section 827 is merely that he may not be found within the jurisdiction in order to enforce the judgment upon his person. This latter is the old English writ of *ne exeat regno.* The power to issue it depends upon no wrongful conduct

by a defendant, but upon the mere circumstance that he is a nonresident and only temporarily within the jurisdiction, being likely to depart for home, or that, being a resident, it appears that he is about to leave the jurisdiction. It applies only to an action where the judgment demanded requires the performance of an act the neglect or refusal to perform which would be punishable by the court as a contempt. It is not inherent in the grounds for the granting of this ancient writ now incorporated in section 827 that the departure from the jurisdiction be for any wrongful purpose. The papers before the court at the time of the issuance of this order of arrest might be found to indicate that this defendant was about to leave the State of New York to avoid payment of accrued temporary alimony, but we need not analyze whether that is so, inasmuch as that would not relate to the question of power to issue an order of arrest under section 827. It might relate to the propriety of an exercise of discretion in granting or withholding such a provisional remedy, but no phase such as that is before this court. At this point we are not to go into whether defendant husband had evaded or intended to evade some just obligation to support his wife, but are confined to a consideration of a limited question of law, viz., what were the contingencies against which this bail was posted or could be posted under section 827 to lift his arrest?

The purpose and scope of the writ of *ne exeat regno* has been thus described in *Bata* v. *Bata* (277 App. Div. 335, 337) : '' Nowadays this provisional remedy is not used frequently. In theory, it applies to equitable actions wherein the chief sanction for the performance of the judgment is punishment by contempt of court. It is to be brought into play if there is likelihood that procedure by contempt would be unavailing on account of inability to secure the person of the defendant within the jurisdiction when the time to enforce the judgment arrives.''

In the present instance, the order of arrest was not obtained to give security to plaintiff for payment of alimony and counsel fees, but to insure the presence of defendant's person within the jurisdiction in order that a judgment for alimony and counsel fees might be enforced by contempt upon his person.

There could be no violation of condition maturing payment of bail, provided that defendant rendered himself amenable to proceedings to punish him for omission to pay the judgment

pursuant to the order of arrest. This is the purpose for which the bail was given, not to secure payment of the judgment for alimony. That is the maximum possible under section 827 of the Civil Practice Act; the greatest authority which that section confers is to issue an order of arrest insuring that a defendant's person will be kept where he can be punished by contempt for failure to comply with whatever judgment may be rendered in the action. The giving of bail to lift the arrest could not be upon terms which would enable the application of the bail to purposes other than those contemplated by the section, which is limited to authorizing arrests to render certain that the judgment can be enforced against the person of the defendant by his presence within the forum.

The circumstance that this judgment for temporary alimony was entered in 1949, prior to defendant's arrest in 1951, may not be particularly important under the circumstances of the case. That aspect need not be decided at present.

The reason for resorting to section 827 of the Civil Practice Act appears to have been that it supplies the only basis on which the defendant could have been arrested. Section 1171-b of the Civil Practice Act, under which this judgment for arrears in temporary alimony was entered, directs that it '' may be enforced by execution or in any other manner provided by law for the collection of money judgments.'' Plaintiff could not have secured a body execution based on that judgment, inasmuch as executions against the person can only be obtained under section 764 in cases where a plaintiff would have been entitled to an order of arrest depending upon the nature of the action. The right to arrest depending upon the nature of the action can only be exercised in the instances specified in section 826, of which this is not one. It may be assumed that plaintiff would have been entitled to enforce the obligation expressed in that judgment by sequestration or contempt under sections 1171-a and 1172 of the Civil Practice Act, but such procedure would have been abortive if defendant left the jurisdiction, as he might have done after being served with an order to show cause in either of those proceedings. There remained to plaintiff, as her only satisfactory recourse, an application for arrest pursuant to section 827 in the nature of a writ *ne exeat regno*. There appears to have been no reason on account of which such an order could not have

been granted, as was done, but when defendant came to be released on bail, the only condition under which the court was empowered or attempted to direct that the bail would be defaulted, would be the event that the defendant failed to render his person amenable to whatever process in the jurisdiction might be issued to enforce the judgment against him by contempt. In practical terms, the significance of this order of arrest under section 827 was to keep him in New York State long enough to enable contempt proceedings to be started and completed, so that he might be jailed for contempt if the New York Courts decided that he was guilty of it. Contempt proceedings were begun, but were dismissed by an order of the Appellate Division from which no appeal was taken.

What this discussion leads to is the conclusion that Special Term was powerless under section 827 to issue an order of arrest for any other purpose than to insure the presence of the person of the defendant within the jurisdiction in event of punishment by contempt, and that no greater condition could be imposed for the forfeiture of this cash bail. The language in section 859 that money deposited " is subject to the discretion of the court, as justice requires " signifies only that the court has discretion in order to direct the manner of application of the money to some purpose prescribed by law. The area of discretion might have been broader in the case of a defendant who had been arrested under section 826. Under the circumstances of this case, if defendant at all times rendered himself amenable to the jurisdiction of the court (as he did) the money has to be paid to defendant or to whoever actually owns it. Under the *Standard Elec. Equipment Corp.* case (*supra*), it would be immaterial that this $1,000 might have belonged to some third person, if, as in that case, it had been posted to insure payment of a judgment which the action was brought to obtain, instead of having been given merely to secure his presence in the jurisdiction. The *Standard Electric* decision is authority for holding that the money should be disposed of within the limits of the undertaking as though it belonged to defendant, but here, assuming that it did belong to defendant, it nevertheless was not subject to disposition summarily by such an order as this in payment of whatever obligations he might owe. That would exceed the scope of the undertaking. It would require some

further legal proceeding to appropriate it to this judgment, which could only be done subject to the rights of adverse claimants after an opportunity to be heard. Here the defendant did render himself amenable to the court, there was no forfeiture of bail by flight as was the case in *Talbot* v. *New Amsterdam Cas. Co.* (237 N. Y. 245) and in other cases cited by appellant, and therefore the money was required to be returned to the defendant or to its true owner. The order of arrest in this case was not bottomed on the nature of the action, as the Appellate Division said, and in its words the deposit is not answerable for more than the defendant himself is answerable.

The order appealed from should be affirmed, the first question certified answered in the negative, and the other questions certified not answered.

FROESSEL, J. (dissenting). I dissent and vote to reverse on the dissenting opinion below. I would answer the first and third questions certified in the affirmative, the second in the negative.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur with VAN VOORHIS, J.; FROESSEL, J., dissents in a memorandum.

Order affirmed, etc.