CAROL GACCINO, Plaintiff, *v.* JOSEPH F. GACCINO, Defendant.

Supreme Court, Special Term, Kings County, September 29, 1955.

*Carl Blank* for plaintiff.

*Peter Campbell Brown, Corporation Counsel (Benjamin L. Slade* of counsel), for City of New York.

Brenner, J. The plaintiff wife in this proceeding seeks summarily to have her husband's cash bail declared forfeited and to apply same against arrears of alimony and counsel fees. Notice of the motion was given to the city, which is the custodian of the funds, to the assignee of such funds and to the defendant husband. The defendant and the assignee have defaulted. The city requests that its appearance be noted but wishes that it be recorded as neither opposing nor consenting to the motion. Despite the fact that no papers are before me in opposition to the motion, I am concerned about the oral intimation that a plenary suit for the recovery of the cash bail is more appropriate than is the summary procedure here pursued by virtue of section 859 of the Civil Practice Act.

The order for the defendant's arrest was based upon the defendant's continued absence from this jurisdiction and the possibility that he would not be available when required to make payment of alimony and counsel fees. After failing to have the order vacated he was arrested and thereupon he posted the cash bail for his release. Since then he flouted the orders and judgment of this court and has deliberately absented himself from this jurisdiction. It seems to me that to require the plaintiff now to bring plenary suit aimed at the cash bail is unnecessary. The remedy of arrest was a summary remedy which the defendant caused to be eliminated by posting the cash bail. He thereby vouched for his physical presence, providing the plaintiff with a substituted remedy. In the circumstances summary relief is now available to the plaintiff directed against the bail security, pursuant to section 859 of the Civil Practice Act, just as summary relief was available to her by virtue of the order of arrest. Immediate forfeiture and application of cash bail to arrears of alimony were similarly sought in the cases of *Subernick* v. *Subernick* (123 Misc. 174) and *Chancer* v. *Chancer* (308 N. Y. 204). They were there denied only because the defendant husband continued to make himself available to the orders and judgments of the court.

Motion granted. Settle order on notice.