J. Irwin Shapiro, J.
This is an application by a judgment creditor under supplementary proceedings on a judgment obtained against national lawnservice corp., the judgment debtor for an order
‘ ‘ A. vacating the certificate of the Treasurer of the City of New York dated November 20th, 1961 bearing No. ON 9759,
“ B. vacating the order of Mr. Justice Shapiro, dated and filed November 22nd, 1961, and
“ C. directing the Treasurer of the City of New [sic] to pay over the monies deposited with him as bail for the defendant Louis Sax to the judgment creditor Bainbow Servicenter, Inc., plus accrued interest thereon, less his fees, and granting such other, further and different relief as to the Court may seem just and proper.”
The application is made upon the affidavit of the attorney for the judgment creditor. It is wholly insufficient to warrant the relief requested. The moneys in question were deposited pursuant to the provisions of section 826 of the Civil Practice Act which provides for the arrest of the defendant in certain types of actions.
The complaint in this case sounded in fraud and the defendant was arrested by the Sheriff of New York County on July 20, 1960 upon an order which provided for bail in the sum of $1,000. That bail was deposited with the Sheriff pursuant to the provisions of section 856 of the Civil Practice Act.
It has been held that in an action in which an order of arrest has been obtained pursuant to the provisions of section 826 of the Civil Practice Act, it was immaterial whether the money deposited belonged to the defendant or someone else and that Special Term had the right and power to make a disposition thereof upon the termination of the action. (Standard Elec. Equip. Corp. v. Lasskowski, 305 N. Y. 58.)
*337 Chancer v. Chancer (308 N. Y. 204) approved the decision in the LasshowsTci case (supra) and distinguished it from the case then under consideration by it where the deposit was made under section 827 of the Civil Practice Act, ‘ ‘ where the basis of the arrest was not the nature of the action.” Said the court (pp. 211-212): i 1 Under the Standard Elec. Equipment Corp. case (supra), it would be immaterial that this $1,000 might have belonged to some third person, if, as in that case, it had been posted to insure payment of a judgment which the action was brought to obtain, instead of having been given merely to secure his presence in the jurisdiction. The Standard Elec. decision is authority for holding that the money should be disposed of within the limits of the undertaking as though it belonged to defendant, but here, assuming that it did belong to defendant, it nevertheless was not subject to disposition summarily by such an order as this in payment of whatever obligations he might owe. That would exceed the scope of the undertaking. It would require some further legal proceeding to appropriate it to this judgment, which could only be done subject to the rights of adverse claimants after an opportunity to be heard.”
Under the circumstances and under any aspect of the case the movant herein is not entitled to the relief which it seeks. The stay contained in the order to show cause is vacated and the application is in all respects denied.