**UNITED STATES of America**

v.

**George B. PARR.**

**Cr. No. 73–C–141.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

May 3, 1978.

---

5. *See* Executive Law § 259 (McKinney's 1977); 9 NYCRR §§ 8001 et seq., filed with the Secretary of State on March 23, 1978.

J. A. "Tony" Canales, U. S. Atty., R. Burton Ballanfant, Asst. U. S. Atty., Houston, Tex., for United States of America.

R. E. Lopez, Jr., Alice, Tex., for Estate of George B. Parr and Evangelina P. Parr, Individually.

Raul Garcia, Corpus Christi, Tex., for Clinton Manges.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

On April 5, 1978, this Court held a hearing in this remanded cause for the purpose of determining the disposition of the cash bail deposited into the registry of this Court by Clinton Manges along with execution by George B. Parr of the appearance bonds in this case. In order to deal with this general problem, we will start with the undisputed fact that George B. Parr killed himself. Next, we will concern ourselves with issues set forth in this Court's order of January 26, 1978, but not necessarily in the same order.

Two factual issues should first be decided. They are: Was George Parr insane at the time he took his life; and what was the cost to the government in looking for Parr after he failed to appear in this Court as required?

■ The first issue is easily decided. Although there was testimony that George B. Parr was very angry, during the afternoon of the day he was to appear in this Court, we find that there is no evidence before us which would support a finding that Parr was insane that afternoon or the following morning when he killed himself. Therefore, the Court finds that Parr was not insane at the time he killed himself. IT IS SO ORDERED.

■ As to the second factual issue, there was adequate testimony, mostly undisputed, for the Court to make findings as to the time and expense to the government in locating George Parr, after he failed to appear in Court at the appointed time. The Court finds that in excess of sixty (60) man hours (three FBI agents and three Deputy U.S. Marshals for ten hours each) were spent looking for Parr on March 31, 1975. The Court further finds that in excess of six (6) man hours (three agents for approximately two hours each) were spent looking for Parr by the FBI on April 1, 1975. The Court concludes that the cost of the FBI services totalled $1,000.00, and that the cost

of the Marshals' services also totalled $1,000.00. The actual amount to reimburse the government for such costs is $2,000.00. IT IS SO ORDERED.

Also, four legal issues were raised by the Court of Appeals with which this Court must now deal. The first such issue is stated by the Fifth Circuit Court of Appeals in this way:

"Was there a disposition of the case upon the death of Parr which requires the entire amount of the funds deposited be repaid to Manges in compliance with the agreement made for the Court by its Clerk and under which the deposit was made?"

In answering this question, the Court will first review the uncontroverted facts which must be taken into account.

Clinton Manges deposited, as bail for Defendant Parr, the sum of $50,000.00 upon his arrest and an additional $25,000.00 upon his conviction and pending appeal. Originally and as to the additional amount, the funds were deposited along with the execution by the said George B. Parr of appropriate appearance bonds. The appearance bonds were in effect and the $75,000.00 was in the registry of this Court at the time his appeals were exhausted and Parr was ordered to appear before the Court on March 31, 1975, at 4:00 p. m. Parr did not appear. Court recessed until 5:00 o'clock p. m., and Parr did not appear then. The Court ordered the forfeiture of Parr's bail and issued a bench warrant for his arrest.

The testimony at the evidentiary hearing showed that Parr had been advised that he was to appear in this Court on March 31, 1975, at 4:00 p. m. Parr, a resident of San Diego, Texas, was in Corpus Christi around noon on that day. He spoke to his attorney about the hearing. Parr then told his driver to take him to San Diego, Texas. He arrived in San Diego at his residence between two and three o'clock that afternoon, and Parr stopped at his attorney's office and picked up a gun.

■ Parr was seen at 3:30 the same day, driving a vehicle in San Diego. He got gasoline in his vehicle and drove around the community. Parr was found dead at about noon on April 1, 1975. The death certificate introduced in evidence in this cause stated that the time of death was 7:30 a. m. on April 1, 1975. This being the only evidence in the case on the point, the Court finds that Parr was not dead at 5:00 p. m. on March 31, 1975, the date of his nonappearance in this Court. IT IS SO ORDERED.

■ The Court is satisfied that Parr's death did not require the return of the cash deposited as his bail. The liability of a surety is determined by the conditions that existed at the time of the default. *Detroit Fidelity and Surety Co. v. United States,* 59 F.2d 565, 568 (8th Cir. 1932). In this cited case, the principal died after the appearance date required by the Court. The Court there stated, his [the principal's] failure to appear cannot be attributed to that cause [death].

■ Therefore, the reasoning of *Detroit Fidelity* is applicable in this case. The *Detroit Fidelity* Court held that the fact of the principal's death after the nonappearance and declaration of forfeiture *was not a defense* in a proceeding on the forfeiture. This Court concludes that George Parr's death after his nonappearance does not moot the issues in this proceeding.

This Court must now look at the facts above in the light of 18 U.S.C. § 3148, 18 U.S.C. § 3150, and Rule 46(e), Federal Rules of Criminal Procedure. The pertinent language of these cited authorities is attached hereto as Footnote 1.[1]

---

1. *18 U.S.C. § 3148*
   "A person (1) . . . or (2) who has been convicted of an offense and is either . . . or has filed an appeal or a petition for a writ of certiorari, shall be treated . . . [section 3146] unless the . . . judge has reason to believe that *no one or more condi-* *tions* of release will reasonably assure that the *person will not flee or pose a danger to any other person or to the community."* (Emphasis added.)
   *18 U.S.C. § 3150*
   "Whoever . . . wilfully fails to appear before any Court . . . as required, shall,

■ The fact that in this case Defendant Parr executed an appearance bond and furnished a cash deposit of bail in lieu of a bail bond does not affect the applicability of the *Detroit Fidelity* holding. In *Standard Electric Equipment Corp. v. Laszkowski,* 305 N.Y. 58, 110 N.E.2d 555, 557 (1953), it was found that where a third party furnishes a cash deposit he does so "with full appreciation that the law regards it as the property of the defendant, so far as plaintiff in the action is concerned." Therefore, the Court concluded that the party furnishing the deposit is "entitled to the return of the deposit *only if* defendant is." *Id.* (Emphasis in original.) This Court concludes that Clinton Manges is entitled to a return of the cash deposit only to the extent that George Parr, were he still alive, would be entitled to such return.

The remaining three legal issues presented by the Court of Appeals involve: whether the amount of the fine be considered in fixing the amount to be remitted; whether the cost of the trial should be reckoned in the Court's exercise of discretion in determining the amount of the forfeiture; and whether the Court should consider the bail money as a balm to soothe the government's loss in not being able to punish and rehabilitate Parr.

■ The fines imposed by this Court in the total amount of $14,000 were liabilities of the Defendant up to the time of his death. However, his death abated the liability for the fine. In *Dyar v. United States,* 186 F. 614, 623 (5th Cir. 1911), that Court held that a fine against a defendant abated at his death and therefore could not be sought from his estate. The Court in *Crooker v. United States,* 325 F.2d 318 (8th Cir. 1963), also held that a fine is not something to which the United States is entitled to as by way of compensation or damages,

but only as a matter of punishment. Upon the death of the defendant, "there is no justice in punishing his family for his offense." *Id.* at 321. This Court concludes from such cases that the fine herein should not be considered as a matter which the Court should include in exercising its discretion regarding enforcement of the forfeiture. *See United States v. Knetzer,* 117 F.Supp. 917 (N.D.Ill.1954). Although *Standard Electric, supra,* is cited by the government as stating that a deposit made in place of bail has a greater liability than the bail itself and may be used to satisfy a judgment, that case does not go so far as to impose liability on the deposit for a liability such as a fine that does abate upon the death of the principal.

■ The Court's power of remission is discretionary. *Ferguson v. United States,* 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404 (1952). The discretion must "[be] directed by the reason and conscience of the judge to a just result." *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1930). Generally, a forfeiture will be vacated or relieved where it appears that the default of the principal is excused to the satisfaction of the Court as where the default was not wilful. An unexplained failure to appear will be deemed a wilful default. *United States v. Nordenholz,* 95 F.2d 756 (4th Cir. 1938).

■ The purpose of an appearance bond and bail "is to secure the presence and attendance of a defendant to answer the charges against him *and to respond to the judgment of the Court.*" *Dudley v. United States,* 242 F.2d 656 (5th Cir. 1957) (emphasis added).

■ Among the factors the Court should and can consider in fixing the amount of a forfeiture are the wilfulness of

. . . *incur a forfeiture of any security which was given or pledged for his release, and,* . . . *shall* (1) if he was released . . . pending appeal or certiorari after conviction . . . *be fined* . . . or *imprisoned* not more than five years . . .." (Emphasis added.)
*Rule 46(e), Fed.Rules Crim.Proc.*

"(1) . . . if there is a breach of condition of a bond, the district court *shall* declare a forfeiture of the bail. (2) . . . the court may direct that a forfeiture be set aside, upon such conditions as the court may impose if it appears that *justice does not require* the enforcement of the forfeiture." (Emphasis added.)

Defendant's nonappearance and the prejudice to the government incurred by the Defendant's nonappearance. *United States v. Nell,* 169 U.S.App.D.C. 380, 515 F.2d 1351 (1975). This Court can also consider the expense of the search, *United States v. Davis,* 202 F.2d 621 (7th Cir. 1953), the stage of the proceedings at which the defendant failed to appear, *United States v. Public Service Ins. Co.,* 282 F.2d 771 (2nd Cir. 1960), the importance of the particular criminal prosecution, *United States v. Agueci,* 379 F.2d 277 (2nd Cir. 1967), and the cost of the proceedings to the government up to the time of nonappearance. *United States v. Davis,* 202 F.2d 621, 625 (7th Cir. 1953). The expenses of trial need not be proved to the Court that is considering remission. *See Davis, supra,* at 625. *See also, United States v. Foster,* 417 F.2d 1254 (7th Cir. 1969).

■ Applying the above criteria, the Court finds that the default of the Defendant was willful and without legal excuse. The government was prejudiced by Parr's nonappearance because of its inability to see Parr brought to punishment. The government spent at least $2,000 in searching for Parr. The Defendant failed to appear after a thirteen day trial and appeal, all of which cost the government time and money. The particular criminal prosecution in this case involved eight counts of income tax evasion and false income tax returns.

Based on all of the above criteria, the Court finds that the initial action of the Court, that is, forfeiture of $40,000 to the government, should be sustained.

Remission of $35,000 to Clinton Manges, the depositor, is granted.

IT IS SO ORDERED.